**Raymond TRISTAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48355.

Court of Criminal Appeals of Texas.

June 12, 1974.

Evans & Marshall, Allen F. Cazier, San Antonio (on appeal only), for appellant.

Ted Butler, Dist. Atty., Stephen Takas, C. Nick Rothe, Gordon V. Armstrong, and David K. Chapman, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant was indicted for the offense of burglary with intent to commit

theft. A prior conviction in a State court for the same offense and a prior conviction in a Federal court for a narcotics offense were alleged for enhancement under Art. 63, Vernon's Ann.P.C. The jury found that appellant was guilty of the offense charged and found that the enhancement allegations were true. The mandatory sentence of imprisonment for life was assessed.

■ Appellant's first two grounds of error urge that the prior federal conviction was improperly used for enhancement because: (a) the offense was not a felony under the laws of this State; and (b) the statute upon which the federal conviction was based was repealed prior to the trial of the instant cause.

The indictment in this case alleged that prior to the commission of the instant offense the accused had been convicted ". . . in the United States District Court of Western District of Texas . . . of a felony less than capital, to wit: violation of Title 26, United States Code, section 4705A *knowingly*, to wit: knowingly, willfully and unlawfully selling a narcotic drug, to wit: heroin hydrochloride . . ."

Title 26 U.S.C., Sec. 4705(a), rendered it unlawful for any person to ". . . sell, barter, exchange or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged or given on a form to be issued in blank for that purpose by the Secretary or his delegate."

Appellant urges that this was a regulatory tax measure under the Internal Revenue Code, and that the gravamen of the offense was not the illicit trafficking in narcotics, but rather the frustration of the government's attempt to collect the excise tax. See United States v. Doremus, 249 U.S. 86, 39 S.Ct. 214, 63 L.Ed. 493 (1919). He then argues that since the federal government has pre-empted the field of laying and collecting excise taxes (see Art. 1,

Sec. 8, U.S.Const.) the matter could not be the basis for an offense under State laws.

However, in United States v. Doremus, supra, it was observed that the congressional power to tax did not conflict with the regulation of the same transactions under the police powers of the States.

■ Further, we are of the view that the federal offense alleged for enhancement would constitute the offense of unlawful sale of a narcotic drug under the former Art. 725b of our Penal Code. See Art. 725b, V.A.P.C. (1925), and Leal v. State, 442 S.W.2d 736 (Tex.Cr.App.1969) and cases there cited. The federal conviction was properly alleged for enhancement under Art. 63, V.A.P.C.

■ Appellant also urges that because Title 26, U.S.C., Sec. 4705(a) was repealed in 1970 (see Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub. L. 91–513, Title II, Sec. 308, Oct. 27, 1970, 84 Stat. 1259), convictions had under it may not be used to enhance the punishment for offenses occurring subsequent to the repeal. Appellant cites no authority for this proposition and makes no argument in support of it beyond stating the proposition itself. The State urges that since the former statute was re-enacted in substantially the same form, there has, in effect, been no repeal. See Section 308(a), Drug Abuse Prevention and Control Act of 1970, supra, 21 U.S.C., Sec. 828(a).

We are not persuaded by appellant's unsupported assertion. Ground of error number two is overruled.

■ Appellant's third ground of error urges that it was error to use his prior State conviction of burglary with intent to commit theft in order to enhance his punishment for the reason that the conviction had previously been used for enhancement in the federal case.

Appellant contends that the federal court was made aware of his prior conviction by a pre-sentence report [see Fed.Rules

Crim.Proc., Rule 32(c)] and that the federal judge refused to grant him a probated sentence because of it. He argues that this in effect enhanced his punishment for the federal offense and that a prior conviction cannot be twice used to enhance punishment. See Gooden v. State, 140 Tex.Cr.R. 351, 145 S.W.2d 179 (1940).

Since the pre-sentence report from the federal court is not in the record before us, we have no way of determining whether the federal judge did, in fact, consider appellant's prior conviction for any purpose. The appellant's contention is without merit. See Head v. State, 419 S.W.2d 375 (Tex.Cr.App.1967) and cases there cited; also see Florez v. State, 479 S.W.2d 683 (Tex.Cr.App.1972).

■ Appellant's grounds of error numbers four and five complain of the court's failure to grant a mistrial in the face of certain unresponsive remarks made by a witness for the State. The first of these occurred during direct examination by the State, when the following transpired:

By State's Counsel:

"Q  Okay. Now what did you do next?

"A  Well when the lady came, her daughter came and I told her and then Mrs. Hernandez came and then we went walking. Then, we found the truck, it was parked on Guadalupe and San Jacinto near the drug store and they were coming from the alley over there.

"Defense Counsel: I move that that answer be stricken as unresponsive and ambiguous. There is a lot of reference to they and them and I would like to know specifically who we are talking about.

"The Court: Overruled.

"Defense Counsel: How is he going to defend himself if he doesn't know

who they are talking about? Who is they?

"A  Well I don't know their names but there were a lot of other men that came out of that—they were all dope addicts, they were coming out of there."

The other instance was as follows:

"Defense Counsel: At that time, when you walked over to that vehicle, was there a television set in there? Yes or no?

"A  No, they had sold it already.

"Q  Oh Jesus Christ!

"A  They were all coming from that alley. That is where they all sell that dope and everything."

The court sustained appellant's objections to both the comments regarding "dope", and instructed the jury to disregard them. Appellant contends that the court erred in failing to grant a mistrial. The State responds that appellant probably invited the first comment [see Webb v. State, 467 S.W.2d 449 (Tex.Cr.App.1971)], and that the error was cured in both instances by the instruction to disregard. We agree. See Bermudez v. State, 504 S. W.2d 868 (Tex.Cr.App.1974).

■ Appellant's sixth ground of error urges that the evidence was insufficient to support a finding of "true" with regard to the enhancement allegation of a prior federal conviction.

The record reflects that the State introduced a certified copy of the fifth count of an indictment in Cause # 22852 in the United States District Court for the Western District of Texas, styled United States of America v. Ramon Tristan.

The State then called Earl Larson, a federal probation officer assigned to the Western District, who testified that he conducted the pre-sentence investigation in

Cause # 22852 and that appellant was the defendant in that case. Larson stated that the offense in question was committed on May 27, 1965 (some four years after the prior conviction for burglary became final), identified the indictment as the indictment pending against appellant in that case, and testified that he was present at the time the appellant was sentenced. No objection was offered to any of this testimony, and appellant did not cross-examine the witness. Ground of error number six is overruled. See Polk v. State, 500 S.W.2d 535 (Tex.Cr.App.1973).

■ Appellant also contends that the prior State conviction was not sufficiently proved because, although prison records were introduced and appellant identified by fingerprint comparison, the indictment, judgment and sentence were not introduced. Appellant urges that these were a necessary predicate for the prison records and that in their absence the prison records have no probative force.

Appellant's reliance on Chaney v. State, 494 S.W.2d 813 (Tex.Cr.App.1973) is misplaced. In that case, we concluded that the State had failed to prove that the accused was one and the same person who was convicted in the prior case alleged for enhancement.

In the instant case, the State called as a witness Donald Zook, a fingerprint expert. He testified that he had personally taken appellant's fingerprints prior to trial, had compared them with the fingerprints contained in the prison records, and that they were the same. An examination of the record reveals that the prison packet contained, in addition to fingerprints and photographs of the appellant, a copy of the judgment, sentence, and order revoking probation in Cause # S-57647, in which appellant was convicted of the offense of burglary with intent to commit theft. The State sufficiently met its burden of proof.

■ Appellant's last ground of error urges that State's Exhibit # 4 was improperly admitted because it was not authenticated as required by Art. 3731a, Vernon's Ann.Tex.St., and because it was irrelevant, being unconnected with the appellant.

State's Exhibit # 4 consists of a federal warrant directing any federal officer to arrest one Raymond Martinez Tristan for violation of parole from a federal penitentiary, a photograph, and a United States Marshall's return showing that the warrant was executed on April 1, 1970.

This exhibit was admitted for the reason that it purported to be a copy of the judgment and sentence in the appellant's prior federal conviction. The testimony reveals that a fingerprint card was also a part of this exhibit. As the exhibit exists in the record on appeal, however, it is obviously incomplete since it contains only the items described in the preceding paragraph.

■ Had the exhibit contained all the items named in the transcript of testimony, it would appear that appellant waived the error since he made no objection to testimony regarding the federal conviction. See Jaramillo v. State, 504 S.W.2d 853 (Tex.Cr.App.1974). In the present state of the record, we fail to see how appellant was harmed by the admission of the documents the record does contain, nor does appellant make any such showing. There was no reversible error. See Tatum v. State, 505 S.W.2d 548 (Tex.Cr.App.1974).

■ By a supplemental brief, appellant also urges that, although he elected to have the jury assess punishment, it did not do so. Assuming appellant has properly preserved this question for review, it is controlled by our holding in Longoria v. State, 507 S.W.2d 753 (Tex.Cr.App.1974). In that case, we held that Art. 63, V.A.P.C., provides a mandatory life sentence and that, when it is properly invoked, it is the duty of the court to affix punishment.

The judgment is affirmed.