Bennie MARKHAM, Appellant,

v.

STATE of Texas, Appellee.

No. 04–81–00094–CR.

Court of Appeals of Texas, San Antonio.

Oct. 27, 1982.

Rehearing Denied Dec. 29, 1982.

Raul Villarreal, San Antonio, for appellant.

Bill White, Dist. Atty., Linda S. McDonald, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CLARK, JJ.

## OPINION

CLARK, Justice.

Appeal is taken from a conviction for burglary of a habitation, a first degree felony. Tex.Penal Code Ann. § 30.02(a)(3), (d)(1) (Vernon 1974). The punishment, enhanced by proof of prior felony convictions, was assessed by the jury at imprisonment for life. Tex.Penal Code Ann. § 12.42(d).

The record states that on October 17, 1978, at 8:00 in the morning, an eyewitness, David Wills, observed the appellant carrying a television set from the apartment of Wills' next door neighbor, Barbara Spencer. Wills called the police; and after he gave a description of the suspect, Officer Roberts apprehended the appellant. Officer Roberts returned with the appellant to the scene of the crime, where Wills positively identified the appellant as the suspect he had seen emerging from the Spencer apartment with the television set.

Appellant asserts five grounds of error. In his first ground of error, appellant contends that the trial court abused its discretion by failing to grant an amended motion for new trial based on a claim of newly discovered evidence. The evidence to which appellant refers is the confession of his brother, Bobby Charles Markham,[1] currently confined to the East Ham Unit of the Texas Department of Corrections. After the appellant was convicted and sentenced, Bobby Markham confessed to the burglary for which the appellant was convicted.

Under Tex.Code Crim.Pro. art. 40.-03(6) (Vernon 1974), the discovery after trial of new evidence material to the defendant constitutes a ground for a new trial. In *Collins v. State*, 548 S.W.2d 368, 380 (Tex.Cr.App.1976), *cert. denied*, 430 U.S. 959, 97 S.Ct. 1611, 51 L.Ed.2d 811 (1977), the court held that for a new trial to be granted on the basis of newly discovered evidence, the appellant must show that the evidence was in fact newly discovered, that it was material, that the failure to discover it sooner or locate the witness was not due to a lack of diligence, that the new evidence is probably true, and that a different result would probably be reached if the new evidence were introduced at a second trial. A failure by appellant to establish any of the essential requirements would warrant the trial court's refusal to grant a new trial.

In order to grant a motion for new trial the evidence must in fact be newly discovered. The court in *Fugua v. State*, 457 S.W.2d 571, 572 (Tex.Cr.App.1970) stated that an accused may not secure a new trial by failing to call a witness whose identity is known, and whose knowledge of the case might have been known prior to trial in the exercise of reasonable diligence. Bobby Markham was not questioned by the appellant's investigator, nor was he called to testify at the trial, nor was he subpoenaed, nor was there a motion for continuance filed in order to question him. Approximately two months before appellant's trial, Bobby Markham told his mother that he had committed a burglary and wasn't sure the appellant wasn't going to be tried for it and asked her to find out. Nothing came of that conversation before appellant's trial,

---

1. The appellant, Bennie Markham, a/k/a Ben is a twin. Appellant's twin brother Benjamin Markham a/k/a Bubba testified at appellant's trial. Bobby Charles Markham is an older brother of the appellant.

however, and there was no further inquiry by Bobby Markham.

In *Williams v. State,* 504 S.W.2d 477, 482 (Tex.Cr.App.1974), the court held that a motion for new trial based on newly discovered evidence is addressed to the sound discretion of the trial judge and his discretion, absent a showing of clear abuse, should not be disturbed on appeal. The probable truth of newly discovered evidence is primarily a determination for the trial judge. In this case, as in *Williams,* "the judge saw the witnesses, observed their demeanor and was required to determine the issue of credibility." *Id.* at 483. The jury and the trial judge found the testimony of the eyewitness Wills to be true. Wills saw the appellant at 8:00 in the morning from a distance of five feet. Wills testified that he had known the appellant and all three of the Markham brothers for approximately five years and could tell them apart. When Officer Roberts returned with the appellant, Wills positively identified him as the suspect. Appellant has failed to show that the newly discovered evidence was probably true or that his failure to discover it prior to trial was not due to his lack of diligence. Appellant's first ground of error is overruled.

In his second ground of error, the appellant claims that one of the convictions alleged and relied upon for punishing him as a habitual offender is void because the indictment underlying it fails to allege an offense and thus is fundamentally defective. Appellant argues that this is a defect of substance that can be raised on appeal even though he filed no motion to quash in the trial court. Since the alleged insufficiency of the indictment is raised for the first time on appeal, only those contentions cognizable under Tex.Code Crim.Pro. art. 27.08 (Vernon 1977), to-wit, that the indictment failed to allege the constituent elements of the offense, are before the court. *American Plant Food Corporation v. State,* 508 S.W.2d 598, 603 (Tex.Cr.App.1974), *appeal dismissed,* 419 U.S. 1098, 95 S.Ct. 767, 42 L.Ed.2d 795.

The first conviction relied upon for enhancement was obtained upon an indictment, in cause number 74–CR–101B, that read:

... Bennie Markham did then and there unlawfully and fraudulently take from the possession of Johanna Calhoun, hereinafter called complainant, the following property of the value of fifty dollars ($50.00) or over, to-wit: Lawful Money Of The United States of America, the same then and there being the corporeal personal property of and belonging to the said complainant, *without the consent of the said complainant* and with the intent then and thereon the part of the said defendant to deprive the said complainant of the value of the same, and with the intent to appropriate the said property to the use and benefit of him the said defendant. [Emphasis ours.]

Appellant contends that the indictment failed to allege that the theft was committed without the owner's "effective" consent. Theft as defined in Tex.Penal Code Ann. § 31.03 (Vernon 1974) is:

(a) A person commits an offense if, with intent to deprive the owner of property:

(1) he obtains the property unlawfully; or

(2) he exercises control over the property, other than real property, unlawfully.

(b) Obtaining or exercising control over property is unlawful if:

(1) the actor obtains or exercises control over the property without the owner's effective consent, . . . .

Tex.Penal Code Ann. § 31.01(4) (Vernon 1974) defines "effective consent" for the purpose of the theft statute as follows:

(4). "Effective consent" includes consent by a person legally authorized to act for the owner. Consent is not effective if:

(A) induced by deception or coercion;

(B) given by a person the actor knows is not legally authorized to act for the owner;

(C) given by a person who by reason of youth, mental disease or defect, or intoxication is known by the actor to be unable to make reasonable property dispositions; or

(D) given solely to detect the commission of an offense.

It is true that under the statute a taking of the property without the owner's effective consent is an essential element of the offense of theft. However, we conclude that the indictment sufficiently alleged the theft even without the word "effective".

The use of the words "effective consent" only gives greater latitude to the State in proving a theft by allowing the State to show that even if consent was given, it was ineffective for any of the reasons in § 31.-01(4). *Id.* By failing to include the word "effective" in the indictment, the State assumed the more onerous burden of proving that absolutely no consent was given by the owner. All the essential elements of the theft were stated in the indictment in cause number 74–CR–101B, and the State simply made its own burden greater by the omission. In this case, therefore, as in *Terry v. State,* 517 S.W.2d 554, 556 (Tex.Cr.App. 1975), the indictment sufficiently alleged the offense with such certainty as to enable the accused to know what he was called upon to defend against, and to enable him to plead the judgment in bar of any further prosecution for the same offense.

We conclude that the indictment in cause number 74–CR–101B was sufficient to charge the offense of theft, and to support the conviction. For the reasons stated, we hold that the indictment is not fundamentally defective, and overrule the appellant's second ground of error.

Appellant's third ground of error asserts that the trial court erred in permitting the witness Wills to make an in-court identification of him because that identification was tainted by improper and unfair pretrial identification procedures. The record reflects that prior to the trial, when the issue of identification was raised, a full hearing was held out of the presence of the jury. *See Martinez v. State,* 437 S.W.2d 842 (Tex.

Cr.App.1969). The court determined that the pretrial identification was not so impermissively suggestive as to be conducive to misidentification and overruled the motion to suppress the in-court identification by the witness Wills.

In the past, Texas courts have refused to extend the holdings of *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), so as to require counsel at, on, or near the scene during confrontation between a suspect and a witness occurring shortly after the commission of a crime, or in other circumstances which necessitate a prompt identification, there being some reasonable elasticity as to time and place. *Writt v. State,* 541 S.W.2d 424, 427 (Tex.Cr. App.1976). It appears to be appellant's contention, not relying upon *Gilbert* and *Wade,* that from the totality of the circumstances the one-on-one confrontation was "so unnecessarily suggestive and conducive to irreparable mistaken identification" that he was denied due process. *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Writt,* 541 S.W.2d at 427.

The Supreme Court in *Stovall,* 388 U.S. at 302, 87 S.Ct. at 1972, held that the practice of showing suspects to persons for the purpose of identification, and not as part of a lineup, has been widely condemned. However, a claimed violation of due process of law in the conduct of a confrontation depends on the totality of the circumstances surrounding it. But the admission of evidence of a showup without more does not violate due process. *Neil v. Biggers,* 409 U.S. 188, 198, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972). Therefore, this court, as the court in *McGee v. Estelle,* 632 F.2d 476, 477 (5th Cir.1980), must proceed with its inquiry along two lines. First, the court must determine whether the identification procedure itself was unnecessarily suggestive; and second, whether the identification of the appellant was reliable. In regard to the first line of inquiry, appellant claims that the showup was unnecessarily suggestive because he alone was driven to

the scene of the crime in a police car, in the company of a police officer, to be viewed by the witness who was also standing next to a police officer. The appellant agreed to return to the apartment with the officer and was not handcuffed or in any way restrained. The appellant was placed under arrest after the witness positively identified him. Certainly the circumstances, when considered in their totality, were not so unnecessarily suggestive as to amount to a denial of due process.

 Concluding that the showup was not unnecessarily suggestive, we must now inquire whether the identification of the appellant by the witness was reliable; because as *Manson v. Brathwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140, makes clear, the linchpin of a due process analysis is the reliability of the identification. In determining whether the identification testimony was unreliable, the factors considered in evaluating the likelihood of misidentification include (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. There is no requirement that positive findings be made on all five factors before a court can find that there is no substantial likelihood of misidentification. *McGee,* 632 F.2d at 478. At approximately 8:00 a.m., David Wills observed the suspect leaving his next door neighbor's apartment carrying a television set wrapped in a green bedspread. The suspect passed within five feet of the witness. This enabled Wills to get a good, clear view of the suspect's face. The suspect was not a stranger to the witness, either. Wills testified he had known the appellant for five years. Once the police arrived, the witness told the officer that the theft had been committed by one of the Markham brothers. Officer Roberts found the appellant less than a half block away from the scene of the crime. Approximately 10 minutes after the crime took place, witness Wills positively identified the

appellant as the suspect. The witness did note that at the showup the appellant was wearing different clothes than at the time of the offense; but he was always sure of the suspect's identification. David Wills testified that he was at all times positive that it was Bennie Markham who had committed the burglary and at no time indicated that it was anyone else. When a witness' identification of the defendant is based upon adequate opportunity to view the defendant at the time of the offense, then the identification is of independent origin. *Brem v. State,* 571 S.W.2d 314, 320 (Tex.Cr.App.1978); *Bermudez v. State,* 533 S.W.2d 806, 808 (Tex.Cr.App.1976).

It appears that the witness' in-court identification was based on his independent observations under well-lighted conditions during the course of the burglary and his familiarity with the appellant and was, therefore, not tainted by other identification procedures. Appellant's third ground of error is overruled.

Appellant's fourth ground of error asserts that the trial court erred in failing to grant a mistrial when the complaining witness, Barbara Spencer, made an unresponsive remark in answer to defense counsel's question. Appellant contends that the answer by Ms. Spencer was prejudicial to the appellant and served to inflame the minds of the jury and link the appellant to the crime with evidence outside the record. In response to defense counsel's question concerning what witness Wills had told Spencer about the location of her television set, Spencer answered:

Q. That's what he [Wills] told you?

A. That's what he told me and a lot of kids told me they seen Ben Markham too, because the kids—

At this point defense counsel objected, and the objection was sustained by the trial court. Defense counsel then asked the court to instruct the jury not to consider the answer for any purpose. The trial court so instructed the jury. Defense counsel then moved for a mistrial, which the trial court denied.

The court in *Allen v. State,* 513 S.W.2d 556, 557 (Tex.Cr.App.1974) held that any error in the admission of improper testimony is cured by the trial court's withdrawal of the evidence and its instruction to the jury to disregard "except in *extreme* cases where it appears that the question or evidence is *clearly calculated* to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced in their minds." [Emphasis ours.] In *Allen* a police officer, when asked with whom he had discussed the defendant's reputation, responded, "With the victims of robberies, with people who have bought narcotics." In *Tristan v. State,* 510 S.W.2d 329, 332 (Tex. Cr.App.1974), the witness answered, when questioned about the defendant, that "they were all dope addicts" and that "they were all coming from that alley. That is where they all sell that dope and everything." The court in both *Allen* and *Tristan* held that withdrawal of such testimony and an instruction to disregard the same cured the error and rendered it harmless. The remark made by witness Spencer in this case, cut short as it was by defense counsel's objection, certainly cannot be any more damaging than those in *Allen* and *Tristan.* Appellant had been specifically identified to the police and to the complainant Spencer by the eyewitness Wills as the person who committed the burglary. Spencer's reference to other "kids" seeing the appellant at some unspecified time and place was at the most collateral to the already admitted testimony.

In view of the trial court's prompt sustaining of counsel's objection and instruction of the jury, we find no reversible error. Appellant's fourth ground of error is overruled.

Appellant's fifth and last ground of error asserts that the trial court erred in denying appellant's motion for an instructed verdict after the State rested because the evidence was insufficient to support a verdict of guilty. This contention is based on the claim that the only evidence connecting the appellant with the crime was the identification of the appellant by the eyewitness Wills. Appellant asserts that the overall testimony of Wills cast doubt upon the reliability of his identification of the appellant. Appellant contends that Wills did not initially name the appellant specifically to the police, that the appellant was not wearing the clothes described to the police by Wills, and that appellant was not in possession of the stolen goods.

In reviewing the sufficiency of the evidence to support the conviction we must view the evidence in the light most favorable to the verdict, and the verdict will be sustained if there is any evidence which, if believed, shows the guilt of the accused. *Banks v. State,* 510 S.W.2d 592, 595 (Tex.Cr. App.1974). In *Drager v. State,* 548 S.W.2d 890, 892 (Tex.Cr.App.1977), the court added that in reviewing the evidence, "The defendant's evidence as well as the State's evidence in the case in chief, may be considered in passing on the sufficiency question."

The record of the proceedings in the presence of the jury reflects the following evidence, as viewed in a light most favorable to the verdict. Eyewitness David Wills saw the appellant leaving the Spencer apartment with a television set wrapped in a green bedspread. The appellant passed within five feet of Wills at 8:00 in the morning. Wills was able to get a good, clear view of the appellant. Wills testified that he had known the appellant for five years, and that the appellant lived three blocks away from the scene of the crime. Wills also testified that he knew all three of the Markham brothers and could tell them apart. Wills told the investigating officer that the appellant walked toward a certain store with the stolen television set. The stolen television set was in fact found behind that same store later that day. Appellant was located by the police a half block away from the scene of the crime shortly after the report by Wills. In spite of the appellant's contentions, Wills positively identified the appellant both at the showup and again in court.

The language of *Cockrell v. State,* 135 Tex.Cr.R. 218, 117 S.W.2d 1105, 1111 (1938), is also applicable here. The court there stated, "We are not allowed to substitute our judgment for that of the jury, and should not disturb the verdict unless no facts are found to support it." The jury is the ultimate judge of credibility and weight to be attached to the testimony of witnesses in a criminal proceeding. *Miller v. State,* 566 S.W.2d 614, 618 (Tex.Cr.App.1978). The jury here obviously chose to believe the State's witnesses. The evidence was sufficient to authorize the jury to find that the appellant was the person who committed the offense. Appellant's fifth ground of error is overruled.

Appellant has also filed a pro se brief alleging various irregularities in the record. We have reviewed his contentions and find them without merit.

The judgment is affirmed.

### ORDER

On this the 29th day of December, 1982, appellant's motion for rehearing in Cause No. 04–81–00094–CR styled *Bennie Markham v. The State of Texas,* came on to be heard. After reviewing the motion for rehearing, it is the Court's decision that it should be overruled; however, the discussion of appellant's second ground of error on pages three, four and five of the original opinion is now changed to read as follows:

 In his second ground of error, the appellant claims that one of the convictions alleged and relied upon for punishing him as a habitual offender is void because the indictment underlying it fails to allege an offense and thus is fundamentally defective. Appellant argues that this is a defect of substance that can be raised on appeal even though he filed no motion to quash in the trial court. Since the alleged insufficiency of the indictment is raised for the first time on appeal, only those contentions cognizable under Tex.Code Crim.Pro. art. 27.08 (Vernon 1977), to-wit, that the indictment failed to allege the constituent elements of the offense, are before the court. *American Plant Food Corporation v. State,* 508 S.W.2d 598, 603 (Tex.Cr.App.1974), *appeal dismissed,* 419 U.S. 1098, 95 S.Ct. 767, 42 L.Ed.2d 795.

The first conviction relied upon for enhancement was obtained upon an indictment, in cause number 74–CR–101B, that read:

... Bennie Markham did then and there unlawfully and fraudulently take from the possession of Johanna Calhoun, hereinafter called complainant, the following property of the value of fifty dollars ($50.00) or over, to-wit: Lawful Money Of The United States of America, the same then and there being the corporeal personal property of and belonging to the said complainant, *without the consent of the said complainant,* and with the intent then and thereon the part of the said defendant to deprive the said complainant of the value of the same, and with the intent to appropriate the said property to the use and benefit of him the said defendant. [Emphasis ours.]

Appellant contends that the indictment failed to allege that the theft was committed without the owner's "effective" consent.

The offense which was the subject of the indictment was committed on December 1, 1973, prior to the effective date of our present Penal Code, January 1, 1974. Theft was defined in Tex.Penal Code Ann. art. 1410 (Vernon 1925) as:

... the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person holding the same for him, *without his consent,* with intent to deprive the owner of the value of the same, and to appropriate it to the use of benefit of the person taking. [Emphasis ours.]

The indictment in cause number 74–CR–101B correctly alleged the elements of theft under the statute in existence at the time the offense was committed. Appellant's second ground of error is overruled."