Opinion Issued May 13, 2003 
















     


In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00166-CR




DONALD RAY JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 915,810




MEMORANDUM OPINION

          A jury found appellant, Donald Ray Johnson, guilty of aggravated robbery. 
After appellant pleaded true to the allegations in two enhancement paragraphs that
he had two prior felony convictions, the trial court sentenced him to 40 years’
confinement. In five points of error, appellant contends that (1) there is legally and
factually insufficient evidence to sustain his conviction; (2) the trial court erred in
excluding a portion of his testimony; and (3) he received ineffective assistance of
counsel. We affirm.
Background
          On June 22, 2002, the complainant, Loretta Fisher, was sitting in the living
room of her niece’s home. Her grandchildren and niece’s children, whom she was
babysitting, were asleep in one of the bedrooms. Her son, John Fisher, and his
girlfriend, Natalie Bell, were outside the house sitting and talking in Natalie’s car. 
At some point, the complainant fell asleep on the living room couch. 
          At approximately 3:00 a.m., the complainant woke up; the lights were still on
and the front door was slightly ajar. While watching television, she heard a noise in
the house. Through the corner of her eye, the complainant saw a shadow coming
around the couch from the hallway. The person she saw was wearing a dark green
shirt, black pants, and a mask over his face, and was holding a handgun. As he
approached the couch, the complainant jumped up and asked him was he was doing
in the house. The man lunged toward and took the complainant’s purse, which was
on the coffee table. As the complainant eased toward leaving the house through the
front door, she heard the gun click, but it did not fire. She then ran out of the house
screaming. John and Natalie jumped out of the car when they saw the complainant
screaming and running towards them. The complainant would not let John go back
into the house because she feared the intruder was still in the house with his gun. 
They quickly fled the area in Natalie’s car. They stopped at the home of another
niece who lived on the next street and called the police. 
          Houston Police Officers Dominguez, Tatum, and Dickerson arrived at the
niece’s house. The complainant directed them to the scene of the robbery. As the
complainant, John, and Natalie began walking back to the scene of the robbery, John
and Natalie noticed a maroon Jeep Cherokee pull up near where they were standing. 
The driver was slouched down in the seat. John and the complainant pointed at the
Jeep and yelled to the police, “That’s him.” When the complainant saw the individual
in the Jeep, she yelled at the officers that the driver was the individual who had
robbed her. The driver was not wearing a face-mask, but the complainant recognized
him because he was wearing a green shirt. 
          Officers Dickerson and Dominguez followed the driver in the Jeep. Officer
Tatum stayed behind with the complainant. Eventually, after crashing the Jeep, the
driver fled on foot into a wooded, grassy area. Dickerson chased him on foot and a
canine unit was called to search for him. Officer Orand and his certified canine, Oris,
picked up the driver’s scent from the Jeep. While searching for him, they retrieved
a ski mask. They eventually found appellant lying in the grass. Appellant was
arrested, handcuffed, and taken back to a patrol car. 
          Office Dominguez returned to the scene to speak with the complainant. The
complainant gave Dominguez a description of the robber, which matched what
Domiguez saw when appellant was apprehended. The complainant was brought to
the area near the wrecked Jeep and identified appellant as the individual who had
stolen her purse at gunpoint. Over $400 was recovered from appellant’s back
pocket—the same amount and denominations as the complainant told officers
appellant had stolen from her purse. Inside the Jeep, officers found a loaded
handgun, the complainant’s organizer, which had been in her purse, and two knit ski-caps. 
          Appellant testified at trial. He asserted that, on June 22, he gave his friend
Anthony Walker a ride so that Walker could purchase narcotics. He drove to a house
close to where the complainant was staying. After Walker completed his transaction,
he put something on the floor of appellant’s car, told appellant to “pull off,” and then
began walking down the street. When appellant pulled away, he was confronted by
two police cars. Appellant panicked and drove off with a police car following behind
him. Appellant testified that Walker was wearing gray sweat pants and a black shirt. 
Appellant admitted that he was wearing black pants and a green shirt, but denied
robbing the complainant at gunpoint.
          Appellant sought to testify that he had seen a description of the assailant on the
computer screen in the patrol car. However, the trial court sustained the State’s
hearsay objection.


 After the close of testimony, appellant made a bill of exception
as to what the appellant would have testified. Appellant testified that, while in the
patrol car, he read on the officer’s computer screen a dispatch message that contained
a description of the person for whom the police were looking; the description read:
“a black male, short, with a mask, gray pants, black shirt involved in the armed
robbery.” Appellant testified that this description matched Walker and not him. 
When the State reurged its hearsay objection, appellant argued that it was not hearsay
because it was not offered for the truth of the matter asserted; he claimed that he did
not “believe [it was] an accurate description of the person, but that it [was] the
description of a person they were looking for” and that it did not match appellant. 
Appellant admitted that he did not know any other way to get the computer screen
description into evidence except through his testimony because the records had been
destroyed. The trial court again sustained the State’s objection. The State then noted
for the record that, although appellant filed subpoenas for the computer-dispatch
description information, they were not requested in a timely manner and were
therefore destroyed before a subpoena was issued. 
Discussion 
Sufficiency of the Evidence 
          In his first and second points of error, appellant contends that the evidence is
legally and factually insufficient to sustain his conviction. 
          In resolving the legal sufficiency of the evidence, we view all of the evidence
in a light most favorable to the verdict to determine if any rational fact finder could
have found the essential elements of the offense beyond a reasonable doubt. King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404,
407 (Tex. Crim. App. 1997). Although our analysis considers all evidence presented
at trial, we may not reweigh the evidence and substitute our judgment for that of the
factfinder. King, 29 S.W.3d at 562. 
          Similarly, in addressing the factual sufficiency of the evidence, we view the
evidence in a neutral light and ask whether the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination or whether the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000). 
          A person commits the offense of aggravated robbery if that person (1) in the
course of committing theft, (2) with intent to obtain and maintain control of property,
(3) knowingly and intentionally, (4) threatens or places another in fear of imminent
bodily injury or death, and (5) then and there uses or exhibits a deadly weapon. Tex.
Penal Code Ann. § 29.02, 29.03 (Vernon 2003). A firearm is a deadly weapon per
se. Id. § 1.07 (17)(A) (Vernon Supp. 2004). A person “uses or exhibits a deadly
weapon” if he employs the weapon in any manner that “facilitates the associated
felony.” McCain v. State, 22 S.W.3d 497, 502 (Tex. Crim. App. 2000). 
          Appellant argues that the evidence was legally and factually insufficient to
support his conviction because the evidence failed to prove that he committed the
offense. Appellant asserts that the complainant “had never previously seen the person
who entered her niece’s home on June 22, 2002”; that “she had scant chance to view
the stranger as she quickly moved towards the door after being confronted”; that “she
could not help but identify [appellant]” at the scene of appellant’s arrest because he
was alone, handcuffed, and sitting on the ground next to his Jeep; that she admitted
that she identified appellant because the clothes he was wearing when arrested were
similar to those worn by the intruder; that the presence of the complainant’s property
in the Jeep was explained because it had been placed there by Walker; and that the
money had been given to him by his brother. 
          Looking at the evidence in the light most favorable to the verdict, we conclude
that a rational trier of fact could have found, beyond a reasonable doubt, that
appellant committed aggravated robbery. The complainant testified that the
individual who approached her in her home pointed a gun at her and stole her purse. 
She testified that the robber was wearing a dark green shirt, black or dark pants, and
some sort of mask. Although she fled the house shortly after being confronted by
appellant, the complainant testified that the lights in the room were on and that
appellant looked directly at her. Within minutes of the robbery, the complainant saw
appellant in a Jeep; she recognized him by his shirt. While searching for appellant,
the canine unit found a ski mask. When appellant was found, he was wearing a dark
green shirt and black pants. Inside appellant’s Jeep, the officers found a gun and
recovered the organizer stolen from the complainant’s purse. Officers also recovered
from appellant the same amount of money as that stolen from the complainant. We
hold that the evidence was legally sufficient to support appellant’s conviction.
          Similarly, after reviewing all of the evidence neutrally, we conclude that the
evidence is not so obviously weak as to undermine confidence in the jury’s
determination or so greatly outweighed by contrary proof as to indicate that a
manifest injustice has occurred. Although appellant provided a different version of
events,


 the jury, as exclusive judges of the facts and credibility of the witnesses,
chose not to believe him; what weight to give contradictory testimonial evidence is
within the sole province of the jury, because it turns on an evaluation of credibility
and demeanor. Cain, 985 S.W.2d at 408-09; McKinny v. State, 76 S.W.3d 463, 468-69 (Tex. App.—Houston [1st Dist.] 2002, no pet.). A court of appeals must defer to
a jury finding on conflicting evidence; a jury decision is not manifestly unjust merely
because the jury resolved conflicting views of evidence in favor of the State. Cain,
985 S.W.2d at 409-410. Accordingly, we hold that the evidence was factually
sufficient to support appellant’s conviction. 
          We overrule appellant’s first and second points of error. 
Description-of-Suspect Testimony
          In his third point of error, appellant contends that the trial court erred by
excluding his testimony concerning the description of the suspect that was broadcast
by the Houston Police Department dispatcher over a hearsay objection. Specifically,
appellant contends the statement was admissible either pursuant to Texas Rule of
Evidence 801(e)(1)(C), which provides an exception to the hearsay rule for prior
identification testimony, or because it was not hearsay because it was not offered for
the truth of the matter. 
          On appeal, a trial court’s decision to admit or exclude evidence is subject to
review for an abuse of discretion. Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim.
App. 2002); Angleton v. State, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998). We must
uphold the ruling if it is reasonably supported by the record and is correct under any
theory of law applicable to the case. Willover, 70 S.W.3d at 845. We may uphold a
trial court’s ruling on any legal theory or basis applicable to the case, but usually may
not reverse a trial court’s ruling on any theory or basis that might have been
applicable to the case, but was not raised. Martinez v. State, 91 S.W.3d 331, 336
(Tex. Crim. App. 2002). 
          “‘Hearsay’ is a statement, other than one made by the declarant while testifying
at the trial or hearing, offered in evidence to prove the truth of the matter asserted.”
Tex. R. Evid. 801(d). As a general rule, hearsay evidence is inadmissible unless it
falls within an exception. See Tex. R. Evid. 802. “In order to have evidence
admitted under a hearsay exception, the proponent of the evidence must specify
which exception he is relying upon.” Willover, 70 S.W.3d at 845. 
          Appellant argues first that his testimony regarding what he read on the patrol
car’s computer about the description of the suspect is admissible pursuant to Rule
801(e)(1)(C), which provides a hearsay exception for prior identification testimony. 
However, appellant did not argue this ground to the trial court. During the bill of
exception hearing, after the State objected to appellant’s testimony, appellant urged
its admissibility by arguing that his statement of the description was not hearsay
because it was not being offered for the truth of the matter asserted. Appellant never
argued that his testimony was admissible as prior identification testimony under Rule
801(e)(1)(C). Because appellant’s complaint on appeal does not comport with his
trial objection, he has failed to preserve error. See Guevara v. State, 97 S.W.3d 579,
583 (Tex. Crim. App. 2003); Martinez, 91 S.W.3d at 336.


 
          Appellant also contends that his testimony was not offered for the truth of the
matter asserted, and, therefore, because it was not hearsay, it should have been
admitted. Appellant argues that his testimony about the description on the computer
screen was admissible because, although he did not believe that the description was
an accurate description of the suspect, it was the person that the police were looking
for as the suspect. He further argues that the text on the patrol car’s dispatch screen
was a compilation of identification descriptions that should have been admitted to
explain the officers’ actions.
          However, appellant’s defense throughout trial was that Walker was the person
who robbed the complainant and that Walker fit the description of the person for
whom the police were searching. According to appellant, Walker was the individual
wearing a black shirt and gray pants sought by the police; appellant was wearing
black pants and a green shirt. Appellant’s testimony, therefore, would be relevant
only if the trier of fact believed his statement was both truthful and accurate because
it would lend support to his defense theory that Walker, and not he, committed the
offense. Because the relevancy thus turns on the truthfulness or accuracy of the
contents of the statement, it is hearsay. See Bell v. State, 877 S.W.2d 21, 24 (Tex.
App.—Dallas 1994, pet. ref’d). Accordingly, we hold that the trial court did not err
in excluding the hearsay statement. 
          We overrule appellant’s third point of error. 
Assistance of Counsel
          In his fourth and fifth points of error, appellant contends that he was denied
effective assistance of counsel because (1) trial counsel failed to timely file a
subpoena to preserve the dispatch tapes containing the description of the suspect, and
(2) trial counsel failed to file a motion to suppress the complainant’s pretrial
identification of appellant as the assailant. 
          To determine whether a defendant has been denied effective assistance of
counsel, we follow the standard set forth in Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984). First, appellant must demonstrate that counsel’s
representation fell below an objective standard of reasonableness under prevailing
professional norms. Howland v. State, 966 S.W.2d 98, 104 (Tex. App.—Houston [1st
Dist.] 1998), aff’d, 990 S.W.2d 274 (Tex. Crim. App. 1999). Second, appellant must
establish that counsel’s performance was so prejudicial that it deprived him of a fair
trial. Id. Thus, appellant must show that a reasonable probability exists that, but for
counsel’s unprofessional errors, the result of the proceeding would have been
different. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Howland, 966 S.W.2d at
104. Appellant has the burden to establish both of these prongs by a preponderance
of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998);
Davis v. State, 830 S.W.2d 762, 765 (Tex. App.—Houston [1st Dist.] 1992, pet.
ref’d). We cannot speculate beyond the record provided. Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994); Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). 
          An appellant “making a claim of ineffective assistance must identify the acts
or omissions of counsel that are alleged not to have been the result of reasonable
professional judgment.” Strickland, 466 U.S. at 690. Any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d
808, 813 (Tex. Crim. App. 1999). Appellant must overcome the presumption that
trial counsel’s strategy was sound. Gamble, 916 S.W.2d at 93.
          Dispatch Tapes
          Trial counsel sought to introduce appellant’s testimony that the patrol car’s
computer screen reflected that the suspect was wearing a black shirt and gray pants. 
Trial counsel filed an application for a subpoena on January 7, 2003, requesting that
the custodian of records at the Houston Police Department bring the dispatch records 
to court. However, the dispatch tapes had been destroyed on August 21, 2002, and
therefore, could not be produced at trial. The record is silent about when trial counsel
learned that there was an alleged description of the suspect on the computer screen
in the patrol car or why appellant did not timely file a subpoena to preserve the tapes. 
          Pretrial Identification
          After appellant was arrested, the complainant was brought to the scene where
appellant was in custody. The complainant recognized appellant as the individual
who had robbed her at gunpoint. Trial counsel did not file a motion to suppress the
pretrial identification. Appellant contends on appeal that his trial counsel was
ineffective by not filing a motion to suppress the complainant’s pretrial identification
of him because the manner in which the identification was conducted was inherently
suggestive.
          A trial counsel’s failure to file pretrial motions, including a motion to suppress
evidence, is not per se ineffective assistance of counsel. Bonilla v. State, 740 S.W.2d
583, 586-87 (Tex. App.—Houston [1st Dist.] 1987, pet. ref’d). Unless appellant
shows that the pretrial motion had merit and that a ruling on the motion would have
changed the outcome of the case, counsel will not be ineffective for failing to assert
the motion. Jackson, 973 S.W.2d at 957 (citing Roberson v. State, 852 S.W.2d 508,
510-12 (Tex. Crim. App. 1993)). 
          The test for determining whether a one-on-one identification violated an
accused’s due process rights is whether the presentation of the accused was
unnecessarily suggestive and subject to irreparable misidentification. Neil v. Biggers,
 409 U.S. 188, 198-99, 93 S. Ct. 375, 381-82 (1972). A claimed violation of due
process of law in the conduct of a confrontation depends on the totality of the
circumstances surrounding it.


 Stovall v. Denno,388 U.S. 293, 302, 87 S. Ct. 1967,
1972 (1967); Markham v. State, 644 S.W.2d 53, 57 (Tex. App.—San Antonio 1982,
no pet.). Such a procedure may be appropriate when the confrontation occurs at the
scene of the crime shortly after the offense while the witness’s memory is still fresh.
 Garza v. State, 633 S.W.2d 508, 512 (Tex. Crim. App. 1982). 
          Here, appellant was observed driving in front of the complainant while
slouched down in his vehicle. The complainant recognized appellant. Appellant then
fled the scene. After being arrested and handcuffed, the complainant was brought to
the arrest scene. She testified that she recognized appellant by his eyes, his size, and
his clothes. Although appellant was the only individual at the scene, the
identification occurred shortly after the offense, the complainant had an opportunity
to view appellant during the robbery because the lights were on in the house, and the
complainant was unequivocal about what appellant was wearing at the time of the
offense. Under the totality of the circumstances, we cannot say the trial court would
have granted a motion to suppress the pretrial identification. Therefore, appellant has
failed to demonstrate that trial counsel’s failure to file a motion to suppress the
complainant’s pre-trial identification constituted ineffective assistance of counsel. 
          Here, there was no motion for new trial and the record is silent about
appellant’s trial counsel’s strategy. To find that trial counsel was ineffective based
on any of the asserted grounds would require that we speculate, which we will not
do. Gamble, 916 S.W.2d at 93. Moreover, appellant has made no showing that, but
for his counsel’s allegedly unprofessional errors, the result of the proceeding would
have been different.
          We overrule appellant’s fourth and fifth points of error. Conclusion
          We affirm the judgment of the trial court. 
 


                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Keyes.
Do not publish. Tex. R. App. P. 47.4.