

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00228-CR

Jerry H. **MALDONADO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 6, Bexar County, Texas
Trial Court No. 347710
Honorable Wayne A. Christian, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Karen Angelini, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  May 15, 2013

AFFIRMED

Appellant Jerry Hector Maldonado was charged with the misdemeanor offense of driving while intoxicated.  Appellant entered a plea of *nolo contendere* before a jury.  The jury returned a verdict of guilty, sentencing Appellant to six months in the Bexar County jail, probated for one year, and a $600 fine.  On appeal, Appellant complains the trial court erred in (1) admitting testimony of Appellant's "eye tremors" as evidence of the presence of narcotics in Appellant's system, and (2) overruling Appellant's requested article 38.23 instruction.  For the following reasons, we affirm the trial court's judgment.

**BACKGROUND**

At trial, the State called Trooper Brett Wheelis as its only witness. Trooper Wheelis testified that he was patrolling the north side of Bexar County during the evening hours of November 27, 2010. During this shift, Trooper Wheelis observed Appellant's vehicle weaving and crossing onto the improved shoulder. Trooper Wheelis positioned his vehicle behind Appellant's and followed Appellant for a while to make sure there was a clear violation. He then conducted a traffic stop.

At trial, Trooper Wheelis explained that "Generally weaving is not a traffic offense, but it's an indicator and we watch it. But he clearly, after watching him weave, he went off the improved shoulder multiple times, which is a clear violation." Trooper Wheelis testified that when he approached the vehicle, he noticed Appellant vigorously chewing gum and could smell alcohol. He asked Appellant to exit the vehicle and advised Appellant that he smelled alcohol. Appellant admitted to having a couple of drinks and agreed to participate in a series of field sobriety tests.

Trooper Wheelis testified that he administered the horizontal gaze nystagmus test, which he explained tests for intensified nystagmus, or shaking of the pupil. Appellant objected to any testimony regarding vertical nystagmus and eye tremors as irrelevant and not proven to be scientifically reliable. The trial court overruled these objections, and Trooper Wheelis went on to testify that vertical nystagmus indicates high intoxication of narcotics, and that Appellant did not exhibit vertical nystagmus. Appellant again objected to Trooper Wheelis's testimony on the vertical nystagmus test and eye tremors. The court asked Trooper Wheelis if Maldonado exhibited eye tremors during his testing, and Trooper Wheelis responded, "Yes, sir." The court overruled Appellant's objection. Trooper Wheelis then testified that he checked for eye tremors, which are also "an indication of possible narcotics" in the subject's system. Appellant objected

that this testimony was outside the realm of Trooper Wheelis's expertise, as he was not qualified as an expert. The trial court sustained the objection, and instructed the jury to disregard the eye tremors testimony. Appellant moved for a mistrial, which the court denied.

After the parties rested and the jury was excused for the day, Appellant requested an article 38.23 instruction. The court addressed this request the following day during the jury-charge conference. Appellant's requested instruction reads as follows:

> Our law provides that a warrantless automobile stop is a Fourth Amendment seizure analogous to a temporary detention, and it must be justified by reasonable suspicion. An operator on a roadway divided into two or more clearly marked lanes for traffic shall drive as nearly as practical entirely within a single lane and he may not move from the lane unless that movement can be made safely. If an operator's move outside of his lane is unsafe, it is a misdemeanor offense and provides reasonable suspicion to stop and detain the driver without a warrant. If the operator's move outside of his lane is not unsafe, it is not a violation of the law and it does not provide reasonable suspicion to stop and detain the driver without a warrant.

After hearing the parties' arguments, the trial court denied Appellant's requested instruction.

### ADMISSIBILITY OF EVIDENCE

In his first point, Appellant contends the trial court erred in admitting, over his timely objection, Trooper Wheelis's observations of Appellant's eye tremors as evidence of the presence of narcotics in Appellant's system, in violation of Texas Rule of Evidence 702. He argues that because Trooper Wheelis did not provide scientific validity for the use of the eye tremors phenomenon to predict the presence of narcotics in Appellant's system, it was error to admit such testimony. Because the trial court sustained appellant's objection to this testimony at trial and instructed the jury to disregard the references to eye tremors, we focus our analysis on whether any error was harmful.

**A. Standard of Review**

We review the trial court's ruling on admissibility of evidence for an abuse of discretion. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Hernandez v. State*, 327 S.W.3d 200, 205 (Tex. App.—San Antonio 2010, pet. ref'd). We "must uphold the trial court's ruling if it was within the zone of reasonable disagreement." *Weatherred*, 15 S.W.3d at 542; *accord Hernandez*, 327 S.W.3d at 205. We consider the ruling "in light of what was before the trial court at the time the ruling was made." *Weatherred*, 15 S.W.3d at 542; *Hernandez*, 327 S.W.3d at 205.

**B. Harmful Error**

Because the admission of scientific evidence generally does not affect a defendant's constitutional rights, we will reverse only if, after examining the record in its entirety, we conclude that the erroneous admission of such evidence affects the defendant's substantial rights. *See* TEX. R. APP. P. 44.2(b); *Bagheri v. State*, 119 S.W.3d 755, 763 (Tex. Crim. App. 2003); *Potier v. State*, 68 S.W.3d 657, 663 (Tex. Crim. App. 2002) ("Erroneous evidentiary rulings rarely rise to the level of denying the fundamental constitutional rights to present a meaningful defense."). A defendant's "substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); *Hammer v. State*, 311 S.W.3d 20, 22 (Tex. App.—San Antonio 2010, no pet.).

Error in the admission of testimony is generally cured when the trial court withdraws the evidence and instructs the jury to disregard it, "'except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds.'" *Allen v. State*, 513 S.W.2d 556, 557 (Tex. Crim. App. 1974) (quoting *Bolden v. State*,

504 S.W.2d 418, 420 (Tex. Crim. App. 1974)); *accord Markham v. State*, 644 S.W.2d 53, 59 (Tex. App.—San Antonio 1982, no pet.).

### C. Analysis

The record shows that eye tremors were first discussed by Appellant in his objection to Trooper Wheelis's testimony explaining how he performs the horizontal gaze nystagmus test. Trooper Wheelis had made no mention of eye tremors. When Trooper Wheelis began to discuss the vertical nystagmus test, Appellant objected again. When the trial court asked "why are we getting excited about vertical nystagmus," Appellant objected to eye tremors, and this objection was overruled. Thus, the topic of eye tremors was repeatedly broached by Appellant. Trooper Wheelis then testified that he checked for eye tremors, which he explained indicate possible presence of narcotics in a subject's system. Appellant objected that this was outside the realm of Trooper Wheelis's expertise. The trial court promptly sustained this objection and instructed the jury to disregard the testimony relating to eye tremors.

Further review of the record reveals no additional references to eye tremors. Rather, the evidence and arguments at trial focused on Appellant's alleged intoxication by alcohol. Moreover, the court's charge to the jury instructed only on intoxication by alcohol, and we must presume the jury complied with such instruction, absent evidence to the contrary. *See Wesbrook v. State*, 29 S.W.3d 103, 116 (Tex. Crim. App. 2000); *Hicks v. State*, 901 S.W.2d 614, 617 (Tex. App.—San Antonio 1995, pet. ref'd). Likewise, we presume the jury complied with the court's instruction to disregard Trooper Wheelis's statements pertaining to eye tremors. *See Wesbrook*, 29 S.W.3d at 116; *Hicks*, 901 S.W.2d at 617. Because it does not appear that Trooper Wheelis's testimony on eye tremors was clearly calculated to inflame the jury or was "of such character as to suggest the impossibility of withdrawing the impression" on the jury, and we presume the jury complied with the court's instruction, any error in the admission of Trooper Wheelis's testimony

was cured by the trial court's instruction to the jury to disregard. *See Allen*, 513 S.W.2d at 557; *Markham*, 644 S.W.2d at 59; *see also Hicks*, 901 S.W.2d at 617.

## D. No Harmful Error in Admission of Testimony

Assuming without deciding that it was error to admit Trooper Wheelis's testimony on eye tremors, our review of the record reveals that the trial court's instruction to disregard was sufficient to cure any error. Accordingly, we overrule Appellant's first point of error.

### REQUEST FOR JURY INSTRUCTION UNDER 38.23

In his second point, Appellant asserts the trial court erred in overruling his requested instruction to the court's charge pursuant to article 38.23 of the Texas Code of Criminal Procedure.

## A. Standard of Review

Our review of alleged jury charge error is two-fold. First, we determine if error exists in the trial court's charge. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Wood v. State*, 271 S.W.3d 329, 333 (Tex. App.—San Antonio 2008, pet. ref'd). If we conclude the trial court erred in its charge to the jury, we must next determine whether the error was sufficiently harmful to require reversal. *Ngo*, 175 S.W.3d at 744; *Wood*, 271 S.W.3d at 333. When an objection is made at trial to the charge error, we must reverse if we find "some harm" to appellant's rights. *Ngo*, 175 S.W.3d at 743–44 (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)); *Wood*, 271 S.W.3d at 333.

## B. Article 38.23(a) Instruction

The trial court shall deliver to the jury "a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Texas Code of Criminal Procedure article 38.23 requires the trial court to instruct the jury to disregard evidence the jury believes was illegally obtained. *See id.* art. 38.23(a) (West 2005); *Madden v. State*, 242

S.W.3d 504, 509–11 (Tex. Crim. App. 2007). "A defendant's right to the submission of jury instructions under Article 38.23(a) is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible." *Madden*, 242 S.W.3d at 509–10; *Ramos v. State*, 373 S.W.3d 124, 126 (Tex. App.—San Antonio 2012, no pet.).

To be entitled to an article 38.23 jury instruction, the defendant must satisfy the following criteria: "(1) The evidence heard by the jury must raise an issue of fact; (2) The evidence on that fact must be affirmatively contested; and (3) That contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence." *Madden*, 242 S.W.3d at 510; *Ramos*, 373 S.W.3d at 126. "Where no issue is raised by the evidence, the trial court acts properly in refusing a request to charge the jury" and ruling on the legality of the conduct as a matter of law. *Madden*, 242 S.W.3d at 510; *accord Ramos*, 373 S.W.3d at 126.

## C. Analysis

At trial, Trooper Wheelis testified that he had reasonable suspicion to stop Appellant for the traffic offense of driving on an improved shoulder when prohibited. *See* TEX. TRANSP. CODE ANN. § 545.058(a) (West 2011). Section 545.058(a) of the Texas Transportation Code provides that:

> [a]n operator may drive on an improved shoulder to the right of the main traveled portion of a roadway if that operation is necessary and may be done safely, but only:
>
> (1) to stop, stand, or park;
> (2) to accelerate before entering the main traveled lane of traffic;
> (3) to decelerate before making a right turn;
> (4) to pass another vehicle that is slowing or stopped on the main traveled portion of the highway, disabled, or preparing to make a left turn;
> (5) to allow another vehicle traveling faster to pass;
> (6) as permitted or required by an official traffic-control device; or
> (7) to avoid a collision.

*Id.* (driving on the shoulder). Appellant asserts that the evidence at trial—Trooper Wheelis's testimony and the dashboard videotape recording—revealed that the alleged traffic offense involved, if any, was section 545.060(a) of the Texas Transportation Code, not driving on the shoulder under section 545.058(a). *See id.* § 545.060(a) (driving on roadway laned for traffic).[1] Appellant argues that because driving on the shoulder—the offense for which he was stopped— is a different traffic violation than weaving onto the shoulder in violation of section 545.060(a)— the offense he argues is actually applicable in this case—the evidence raises a fact issue as to whether Trooper Wheelis had reasonable suspicion to stop him. Specifically, Appellant asserts that "a fact issue was raised concerning the validity of the stop under [section 545.060(a)]: did [Appellant] move from his lane and back safely or unsafely." For this reason, Appellant contends he was entitled to an article 38.23 instruction.[2]

"It is the State's choice to determine which traffic violation it relies upon in establishing reasonable suspicion for a traffic stop." *State v. Dietiker*, 345 S.W.3d 422, 425 (Tex. App.— Waco 2011, no pet.). Here, the State relied upon Texas Transportation Code section 545.058, "Driving on Improved Shoulder." Appellant cannot create a fact issue by arguing on appeal that a different statute is applicable. *Cf. Madden*, 242 S.W.3d at 513–14 (explaining that counsel's questions during cross-examination do not create a conflict in the evidence). Therefore, we limit our inquiry to section 545.058.

---

[1] Section 545.060(a) provides "An operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely." TEX. TRANSP. CODE ANN. § 545.060(a).

[2] We note that before the requested jury instruction Appellant had not raised any issue with respect to whether Trooper Wheelis lacked reasonable suspicion or probable cause to stop Appellant. Appellant did not file a pretrial motion to suppress, nor did he object at trial.

At trial, Trooper Wheelis testified that he observed Appellant's vehicle weaving in its lane and crossing over the fog line at least twice.[3] The dashboard videotape recording confirms this, and this evidence is uncontroverted. Moreover, the record contains no evidence showing necessity or one of the seven reasons a driver may safely drive on the shoulder. *See* TEX. TRANSP. CODE ANN. § 545.058(a)(1)–(7); *see also Dietiker*, 345 S.W.3d at 425–26 (noting that necessity is like a defense and the State has no burden to negate the existence of a defense). Therefore, the evidence in this case does not raise a fact issue on the question of whether Trooper Wheelis had reasonable suspicion to stop Appellant.

**D. No Charge Error**

Because the evidence failed to raise a disputed fact issue warranting a jury instruction under article 38.23(a), we conclude the trial court did not err in denying Appellant's requested instruction. Accordingly, we overrule Appellant's second point of error.

#### CONCLUSION

Having reviewed the record, we conclude that the trial court's instruction to disregard was sufficient to cure any alleged error in the admission of Trooper Wheelis's testimony on Appellant's eye tremors, and Appellant suffered no harm. Likewise, the evidence failed to raise

---

[3] Appellant contends his actions were not sufficient to constitute "driving" on the shoulder. *See Scardino v. State*, 294 S.W.3d 401, 404–06 (Tex. App.—Corpus Christi 2009, no pet.) (weaving across the fog line was not driving on the shoulder for purposes of section 545.058). However, we reached a different conclusion in *State v. Wise*, No. 04-04-00695-CR, 2005 WL 2952357, at *3 (Tex. App.—San Antonio Oct. 26, 2005, no pet.) (mem. op., not designated for publication) (concluding it was reasonable for an officer to believe appellant had violated section 545.058(a) after observing both right tires of the vehicle cross over the white line and onto the shoulder). At least one other Texas appellate court has also concluded that driving briefly across the fog line, in the absence of evidence showing necessity or one of the seven permitted reasons for driving on the shoulder, creates reasonable suspicion for a traffic stop for a violation of section 545.058(a). *See State v. Dietiker*, 345 S.W.3d 422, 426 (Tex. App.—Waco 2011, no pet.).

a disputed fact issue warranting an instruction pursuant to article 38.23 of the Texas Code of Criminal Procedure.  Accordingly, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

DO NOT PUBLISH