**Donald Dwayne JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0122–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 13, 1984.

Charles Baird, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., James C. Brough, Lori Millberg, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and JACK SMITH and DUGGAN, JJ.

## OPINION

EVANS, Chief Justice.

The court, in a non-jury proceeding, found the appellant guilty of attempted capital murder, enhanced with one previous conviction for robbery by assault, and assessed his punishment at 50 years confinement. We affirm.

In three grounds of error, the appellant contends: (1) that his arrest was illegal, (2) that the identification procedure after his arrest was unnecessarily suggestive and conducive to irreparable misidentification, and (3) that he was denied effective assistance of counsel at trial.

On the evening of June 4, 1983, a man carrying a rifle and a paper sack was seen in the parking lot of the Kroger grocery store at the corner of Cullen and Polk streets in Houston. The man walked up to a parked car and at gunpoint demanded that the sole occupant put all his money into the paper sack. After the occupant said he had no money, the man poked him in the eye with the barrel of the rifle, causing serious eye damage. When the injured man got out of the vehicle and attempted to flee, the assailant shot him from behind and ran away.

The crime was witnessed by three people other than the victim. Two were sitting in another car in the same parking lot, and the third was working in a warehouse across the street. An officer of the Harris County Constable's Department was patrolling the neighborhood nearby when he received a description of the gunman over his CB radio. Shortly thereafter, the officer saw a man fitting the assailant's description running along the street, and he took him into custody, handcuffed him, and

placed him in the patrol car. He then drove the suspect back to the Kroger store to see if the eyewitnesses could identify him. The witnesses had been told that the police were bringing a possible suspect back for them to view, and, after looking in the back seat of the officer's patrol car, all three persons identified the handcuffed appellant as the man they had seen earlier.

The appellant's trial attorney did not try to suppress the showup identification testimony, nor did he object to the appellant's arrest or identification at trial. However, in view of appellant's complaint of ineffective assistance of trial counsel, we have decided to consider the appellant's first two grounds of error despite the lack of objection.

■■■ The test for determining probable cause for a warrantless arrest is whether, at the moment of arrest, the knowledge of the arresting officer that is based on reasonably trustworthy information would warrant a reasonable and prudent person in believing that a particular person has committed or is committing a crime. *Hawkins v. State*, 660 S.W.2d 65, 70 (Tex.Crim. App.1983). In reviewing the sufficiency of probable cause, the court will look to the facts and circumstances of each particular case. *Woodward v. State*, 668 S.W.2d 337, 345 (Tex.Crim.App.1982) (op. on reh'g).

■■■ In the case at bar, the officer testified that he had received reliable and credible information from this particular member of the Eastwood area CB patrol group in the past. This testimony combined with the corroborating circumstances surrounding appellant's arrest satisfies the requirement that the officer based his knowledge on reasonably trustworthy information. *Lyles v. State*, 582 S.W.2d 138, 143 (Tex. Crim.App.1979). The information received was that a Kroger's store, located just several blocks away, had been the site of a robbery by a black male, approximately 6'1", heavy build, wearing dark pants and a wet gray T-shirt. The officer testified that he observed a person of a similar build and wearing similar clothing, running along the

street. At that time, the man was carrying the rolled up gray T-shirt under his arm. The officer then saw the man stop and jog in place on the median of the street, after the man apparently noticed the presence of another police car parked in the vicinity. When the man turned to run away from the other police car, the officer of the Constable's Department emerged from his vehicle and ordered the appellant to stop, but the appellant threw the T-shirt down on the ground and continued to run away. After a short pursuit, the appellant stopped, but he could not produce any identification and was taken into custody. These facts and circumstances were sufficient to warrant a reasonable and prudent person in believing that the appellant had committed the crime at the nearby Kroger store, and there was sufficient probable cause to justify the officer's arrest of the appellant without a warrant.

■ The practice of showing suspects singly to crime witnesses for identification has been widely condemned, but a one-on-one showup identification is not illegal per se. *Ortega v. State*, 628 S.W.2d 539 (Tex. App.—Amarillo 1982, no pet.). Such an identification procedure may be appropriate when the confrontation occurs at the scene of the crime shortly after the offense, because the witness' memory is still fresh and accurate. *Garza v. State*, 633 S.W.2d 508, 512 (Tex.Crim.App.1981) (op. on reh'g). Also, the police can release innocent suspects after exoneration and continue their search while the perpetrator is still in the area. *Id.*

■ To determine whether a single showup identification violates due process, the court must examine whether the confrontation was (1) unnecessarily suggestive, and (2) conducive to the irreparable misidentification of the defendant. *Stovall v. Denno*, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967); *Garza v. State*, 633 S.W.2d at 512–13.

The very nature of a single showup identification conducted in the presence of police officers is suggestive, but the real inquiry in such a case is whether the particular confrontation was so unnecessarily suggestive as to deny due process. *Ortega v. State*, 628 S.W.2d at 541.

In the instant case, the witnesses were asked to wait at the scene of the crime, because the police were bringing over a suspect for identification purposes. The appellant was positively identified while sitting handcuffed in the back seat of a red-brown Chevrolet with overhead lights and marked with a Constable's Department shield on the door. Police officers were present, and the witnesses did not individually view the suspect.

Although one witness made a strong identification, three others identified the appellant chiefly because of his build and the fact that the clothes he was wearing matched those of the assailant. The victim of the offense identified the appellant in court, despite his testimony that the assailant had worn a partial, pantyhose-type mask and despite his initial inability to identify the appellant at the scene of the crime. The forklift operator, who had been working across the street from the Kroger store, identified the appellant, but he admitted that he did not get a good look at the assailant's face. Another identification witness testified that he was not paying attention to the gunman before the shot, because he initially assumed the person was a security guard. The totality of these circumstances indicates that the identification procedure may have been unnecessarily suggestive.

■ The court must next decide whether the confrontation was so likely to result in irreparable misidentification that the appellant was denied due process of law. In making this determination, the court is guided by five factors: (1) the witness' opportunity to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. *Manson v. Brathwaite*, 432

U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977).

■ Viewing the evidence in light of these factors, we conclude that the identification procedure did not result in irreparable misidentification. With the exception of the victim, who only saw his attacker masked, all witnesses had adequate opportunity to see the assailant before, during, and after the crime. It is undisputed that the street and parking lot were very well-lit and that the assailant passed within 35 feet of all witnesses. Two of the witnesses said they were not paying close attention until after they heard the shot. However, Ms. Murray testified that she watched the gunman closely as soon as he came into view and that he walked from the scene of the shooting directly toward her automobile. All witnesses testified that they had noticed the assailant's height, build, and clothing, and the appellant was wearing this same type of clothing at the time he was arrested several blocks away from the store. Ms. Murray showed no hesitation in identifying the appellant as the gunman, either at the showup confrontation or at trial, and she testified that there was no doubt whatsoever in her mind that he was the same man whom she saw shoot the victim. Finally, the appellant was taken to the scene of the crime within 15–20 minutes of the shooting, at a time when the witnesses' memories of the assailant were still fresh and accurate. Thus, we hold that the suggestive identification was not conducive to and did not result in irreparable misidentification.

We overrule the appellant's first and second grounds of error.

In his third ground of error, the appellant contends that his court-appointed counsel failed to object to or try to suppress the unnecessarily suggestive pretrial identification or the allegedly tainted in-court identification. Additionally, he argues that his attorney should have asked for a continuance to find a subpoenaed witness who did not appear. Finally, he complains that his trial counsel did not thoroughly investigate the facts or question his own defense witnesses before trial.

■ The right to counsel means a right to reasonably effective assistance. *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Crim. App.1980). Claims of ineffective assistance must be decided in light of the totality of the representation, rather than because of isolated failures to object. *Archie v. State*, 615 S.W.2d 762 (Tex.Crim.App.1981). Furthermore, allegations of ineffective assistance must be firmly founded in the record. *Faz v. State*, 510 S.W.2d 922 (Tex.Crim. App.1974).

■ For the reasons stated earlier, we overrule the appellant's contentions that his counsel was ineffective because he failed to object to or try to suppress the allegedly illegal arrest or the pretrial identification procedure. Although appellant's attorney did not ask for a continuance to find a witness who did not appear, the record shows that he did arrange for another witness to testify for the defense instead. The appellant contends that his trial counsel should have prevented appellant's employer, a defense witness, from testifying that appellant was not at work on the Saturday during the day, before the crime was committed. The appellant testified that he had been at work that day. However, the record shows that the attack occurred almost eight hours after the appellant claims he finished work, and even if undisputed, his whereabouts during the day would not have provided him with an alibi for the crime that night.

We overrule the appellant's third ground of error.

The judgment of the trial court is affirmed.