In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-02-00213-CR
______________________________


ARTHUR LAFAYETTE, JR., Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 02F0412-202


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Arthur Lafayette, Jr., appeals from his conviction for felony family violence assault and his
resulting twenty-year prison term. Lafayette contends (1) the trial court erred by refusing to grant
a  mistrial  after  the  State,  during  voir  dire,  informed  the  jury  panel  about  a  prior  conviction,
and (2) the evidence is legally and factually insufficient to support the jury's verdict. We affirm.
Prior Conviction
            Lafayette's first complaint is based on a reference by the State, during voir dire, to his prior
misdemeanor conviction for family violence assault. During voir dire, the following exchange
occurred:
[Prosecutor]: . . . Now, I told you that this is an assault with bodily
injury/family violence case. And the fact that he has a prior makes it a felony charge. 
Before the case is –
 
[Defense Counsel]:Your Honor, may we approach?
Court:Yes.
(Bench conference, outside the hearing of the jury panel)
[Defense Counsel]:Your Honor, we're kind of getting off into shaky
ground on this prior business.
 
[Prosecutor]:The misdemeanor is an element of the offense.
[Defense Counsel]:Yeah, but the mention of the prior, that may have
tainted them right there without even reading the enhancement paragraph, and I guess
–
 
[Prosecutor]:It's still in the indictment. It's not in the enhancement
paragraph.
 
[Defense Counsel]:If you were to limit it to what was in the indictment,
but I'm saying the blanket statement of there is a prior –
 
[Prosecutor]:I did.
[Defense Counsel]:– that enhances this to a felony, I think we've tainted
the jury and we need to start over. Move for a mistrial.
 
. . . .
Court:I'm going to note your objection, overrule it, and we will proceed from
there.

            Though it was proper for the State to read the indictment, including Lafayette's prior family
violence conviction which provided felony jurisdiction for the current charge, the State's comment
during voir dire that Lafayette "has a prior" and that therefore the charge was a felony, was improper. 
See Johnson v. State, 766 S.W.2d 559, 560 (Tex. App.—Beaumont 1989, pet. ref'd); McGee v. State,
689 S.W.2d 915, 918 (Tex. App.—Corpus Christi 1985, pet. ref'd).
            Three steps are necessary to preserve error regarding evidence admitted or placed before the
jury: a specific and timely objection, a request for an instruction to disregard, and a motion for
mistrial. See Fuller v. State, 827 S.W.2d 919, 926 (Tex. Crim. App. 1992). To preserve error,
counsel must obtain an adverse ruling, either on the objection, the request that the jury be instructed
to disregard, or the motion for mistrial. Id. Courts hold the sequence of those steps is not so critical
as is the fact that the movant persists in seeking all available relief from the trial court, until the trial
court effectively denies relief to which the movant is entitled. Id.
            Rather than specifically and clearly objecting and asking for a curative instruction, Lafayette
moved for a mistrial. This essentially forced the trial court to choose between letting the remark
stand or declaring a mistrial. See Penry v. State, 691 S.W.2d 636, 649–50 (Tex. Crim. App. 1985);
Bryant v. State, 25 S.W.3d 924, 926 (Tex. App.—Austin 2000, pet. ref'd). When counsel's overruled
motion for mistrial is followed by a request for an instruction to disregard, that is sufficient to
preserve the error of not granting a mistrial. See Coe v. State, 683 S.W.2d 431, 436 (Tex. Crim.
App. 1984).
            When the potential harm can be cured by an instruction to disregard, the complainant must
ask the trial court for such an instruction, regardless that the trial court has already made an adverse
ruling on his or her objection or motion for mistrial; and failure to ask for an instruction is failure
to preserve error. Gilchrest v. State, 904 S.W.2d 935, 938 (Tex. App.—Amarillo 1995, no pet.); see
State Bar of Tex. v. Evans, 774 S.W.2d 656, 658–59 n.6 (Tex. 1989) (failure to request instruction
to disregard curable error waived complaint).
            In this case, counsel asked for a mistrial. He did not ask for an instruction. Thus, he has not
preserved this point of error. Even if error had been preserved, however, the error was harmless,
should not have resulted in a mistrial, and would not require a reversal here.
            Mistrial is an extreme remedy which is appropriate only when the objectionable event is so
inflammatory that a curative instruction is not likely to prevent the jury from being unfairly
prejudiced against the defendant. See Bauder v. State, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996). 
As stated above, testimony referring to extraneous offenses can be rendered harmless by an
instruction to disregard, unless it is so clearly calculated to inflame the minds of the jury and is of
such a nature as to suggest the impossibility of withdrawing the impression produced. Kemp v. State,
846 S.W.2d 289, 308 (Tex. Crim. App. 1992); Gardner v. State, 730 S.W.2d 675, 696–97 (Tex.
Crim. App. 1987); Bryant, 25 S.W.3d at 926.
            We find the unembellished reference to appellant's "prior" was not inflammatory and could
have been completely effaced by an instruction from the trial court to disregard. Kemp v. State, 846
S.W.2d 289, 308 (Tex. Crim. App. 1992). The prior conviction was, minutes before, properly read
to the jury as part of the indictment. After the trial court overruled Lafayette's motion for mistrial,



the State told the jury, "But the indictment is no evidence of guilt." Then, later in voir dire, the State
further stated, "Now we've talked about the fact that the defendant has been indicted is no evidence
of guilt. Also what the lawyers say, what we say is no evidence." When making the questioned
comment, the State was clearly speaking of the jurisdictional prior conviction which was part of the
indictment and only briefly


 referred to the "prior." What little impact the prosecutor's statement
might have had, at the moment it was made, was eliminated by the context and subsequent
comments by the State.
            Because we conclude error was not preserved and there was no harm, we hold the trial court
did not abuse its discretion by refusing to grant a mistrial and there is no reversible error here. We
overrule this contention of error.
Evidentiary Sufficiency
            Lafayette next contends the evidence is legally and factually insufficient to support the
verdict. In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). In reviewing for factual sufficiency, we view the evidence in a neutral light,
favoring neither party. Id. We set aside the verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Id.
            In this case, the victim, Lucy Lafayette, testified at trial that Lafayette injured her; the
investigating officers testified that, when they arrived at the scene, she told them Lafayette caused
her injuries; and there is evidence Lucy had a split lip and a bruised and swollen eye. This evidence
is legally sufficient to support the verdict. Lafayette suggests that Lucy's injuries were consistent
with being hit in the face with a door. When we are faced with conflicting evidence, we must
presume the jury resolved conflicts in favor of the prevailing party. Turro v. State, 867 S.W.2d 43,
47 (Tex. Crim. App. 1993). The evidence, that Lucy's injuries occurred in a way other than her
account depicted, is not strong enough to lead us to conclude the verdict was against the great weight
and preponderance of the evidence. The evidence is factually sufficient to support the verdict.
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:         November 24, 2003
Date Decided:             December 9, 2003

Do Not Publish



 point of error.
2) Error is Not Preserved Concerning the Showup Identification
            Russell, in his second point of error, challenges the admission of Hill's in-court identification
of Russell as the person who committed the robbery. Russell contends the in-court identification
was tainted by a prior suggestive "showup" identification.


 However, the defense did not object to
the in-court identification by Hill. Because error is not preserved and the error, if any, would have
been harmless, we overrule Russell's second point of error.
            Within two hours of the robbery, Violet Hill, a cashier at Luby's, identified Russell, at the
police station, as the robber. Russell was in the process of being removed from a patrol car when
Hill identified him as the person who robbed Luby's. Russell was the only suspect presented to Hill
for identification. Hill identified Russell at trial, without objection, as the person who committed
the robbery. No testimony concerning the prior identification was elicited at this time. After Hill
had been cross-examined and the State had rested, Russell called Hill as a witness. At this point,
Russell inquired into the circumstances surrounding the prior identification. 
            When the police apprehend a suspect shortly after the commission of the crime and present
the suspect for identification by a witness, the resulting confrontation is referred to as a showup. See
Jackson v. State, 682 S.W.2d 692, 694 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd). While the
practice of showing a single suspect to a witness is widely condemned, showups are permissible
under certain circumstances. Stoval v. Denno, 388 U.S. 293, 302 (1967); see Garza v. State, 633
S.W.2d 508, 512 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh'g); Jackson, 682 S.W.2d at 695. 
A defendant seeking to suppress a showup must show under the totality of the circumstances that
the procedure was unnecessarily suggestive and conducive to irreparable misidentification. Hudson
v. State, 675 S.W.2d 507, 510 (Tex. Crim. App. 1984); Payne v. State, 838 S.W.2d 668, 670 (Tex.
App.—Dallas 1992, no pet.); Markham v. State, 644 S.W.2d 53, 57–58 (Tex. App.—San Antonio
1982, no pet.). 
            To preserve his complaint for appellate review, Russell must have presented to the trial court
a timely request, objection, or motion that stated the specific grounds for the desired ruling, if not
apparent from the context. Tex. R. App. P. 33.1(a); Dean, 995 S.W.2d at 850. Further, the appellant
must have pursued his or her objection to an adverse ruling. Tucker, 990 S.W.2d at 262; McFarland,
989 S.W.2d at 751. Russell made no objection to the in-court identification by Hill. While Russell
did raise the issue later in trial, the in-court identification was already before the jury. Russell moved
to the court to instruct the jury "regarding the [showup] results and the identification appropriate to
the law" only after Hill had been cross-examined and seven other witnesses had testified. "[T]he
failure to object in a timely and specific manner during trial forfeits complaints about the
admissibility of evidence." Saldano v. State, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002). Russell's
objection is clearly not timely. Russell has failed to preserve error concerning Hill's in-court
identification. 
            Even if Russell had preserved error for appellate review and the admission of the evidence
had been erroneous, any error would have been harmless. The standard of review for harm analysis
when evidence is improperly admitted is that for nonconstitutional errors under Texas Rule of
Appellate Procedure 44.2(b). Tex. R. App. P. 44.2(b); James v. State, 102 S.W.3d 162, 179 (Tex.
App.—Fort Worth 2003, pet. ref'd). Under the Texas Rules of Appellate Procedure for
nonconstitutional errors, we are to disregard errors, defects, irregularities, or variances that do not
affect the substantial rights of the accused. Tex. R. App. P. 44.2(b). A "substantial right" is affected
when the error had a substantial and injurious effect or influence in determining the jury's verdict. 
Tex. R. App. P. 44.2(b); Johnson v. State, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001) (citing Kotteakos
v. United States, 328 U.S. 750 (1946)); King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). 
If, on the record as a whole, it appears the error "did not influence the jury, or had but a slight effect,"
we must consider the error harmless and allow the conviction to stand. Johnson v. State, 967 S.W.2d
410, 417 (Tex. Crim. App. 1998). In so doing, we must assess harm, but there is no burden either
on an appellant or the State to demonstrate that harm. Schutz v. State, 63 S.W.3d 442, 444 (Tex.
Crim. App. 2001); Johnson, 43 S.W.3d at 4. The parties may suggest how such harm is shown, but
no allocated burdens of proof exist. Schutz, 63 S.W.3d at 444.
            Any error would not have had a substantial or injurious effect or influence in determining the
jury's verdict. The State introduced a considerable amount of evidence to prove that Russell
committed the robbery in question. In addition to Hill's in-court identification, Paulette Wilson, a
Luby's customer, identified Russell as the person who robbed Luby's. Russell's fingerprints were
found in Reeves' car, which matched the description of a vehicle leaving the scene. When arrested,
Russell had possession of $2,473.01 in a bag, which matched the description of the bag used by the
robber. Even if the admission of the evidence was error, we conclude the error did not influence the
jury, or had but a slight effect. We overrule Russell's second point of error.
Conclusion
            Russell failed to preserve error concerning the admission of the extraneous-offense evidence
or Hill's identification of Russell as the person who committed the robbery. Even if error had been
preserved, the trial court did not err in admitting the evidence concerning the escape, the aggravated
assaults, or the unauthorized use of two vehicles, which he committed earlier the same afternoon. 
Further, the error, if any, in admitting the identification by Hill was harmless. 
            We affirm the judgment of the trial court.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          May 2, 2005
Date Decided:             May 13, 2005

Do Not Publish