In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00128-CR
______________________________


DAVID ALLEN RUSSELL, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 30856-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            David Allen Russell appeals his conviction by a jury for aggravated robbery. After escaping
from the custody of the Harrison County Sheriff's Office, Russell embarked on a crime spree
culminating in the robbery of a Luby's Cafeteria at gunpoint. Following a jury trial, the trial court
sentenced Russell to life imprisonment. Russell argues on appeal that the trial court erred in
1) admitting evidence of extraneous offenses, and 2) allowing an in-court identification which was
tainted by a suggestive pretrial identification. We affirm the judgment of the trial court.
            Russell, while an inmate in Harrison County, was transported to a hospital in Marshall,
Texas, for medical treatment. Following treatment, Russell charged the deputy and struggled with
her and a hospital security guard over the deputy's gun. In the process, the security guard was shot
in the hand and a bullet fragment ricocheted into the deputy's leg. Russell, after gaining control of
the gun, stopped a motorist, ordered her out, and fled the scene in her car. Shortly thereafter, Russell
left Marshall and arrived at a residence in a rural area of Harrison County, where Rene Reeves cared
for an elderly woman. Russell ordered Reeves at gunpoint to help him grind off the cuffs. Russell
then left the residence in Reeves' car. Russell drove to Longview in Gregg County, where he had
his hair cut and dyed at a Super Cuts. Several hours later, Russell robbed a Luby's Cafeteria in
Longview, using the gun he stole from the deputy. Russell left the scene of the robbery in a car
matching the description of the car stolen from Reeves. Russell was arrested shortly thereafter in
a nearby apartment complex. He had possession of $2,473.01, which was the approximate amount
stolen from Luby's, and his fingerprints were found in Reeves' car. 
1) Error is Not Preserved Concerning the Admission of Extraneous-Offense Evidence
            In his first point of error, Russell contends the trial court erred in admitting evidence
concerning various extraneous offenses, including the escape, aggravated assault on a police officer,
aggravated assault, and unauthorized use of two vehicles. The State contends evidence of these
offenses were necessary to prove identity and how Russell obtained the gun used in the robbery. 
Russell argues that the danger of unfair prejudice substantially outweighed the probative value of
evidence pertaining to these offenses. According to Russell, the admission of this extraneous-offense evidence resulted in his being tried as a criminal generally, rather than for the offense of
aggravated robbery. However, since no objection was made to the extraneous-offense evidence,
error is not preserved for appellate review. Lastly, even if error had been preserved, the trial court
did not abuse its discretion in admitting the evidence.
            To preserve his complaint for appellate review, Russell must have presented to the trial court
a timely request, objection, or motion that stated the specific grounds for the desired ruling, if not
apparent from the context.


 Further, Russell must have pursued his objection to an adverse ruling. 
Tucker v. State, 990 S.W.2d 261, 262 (Tex. Crim. App. 1999); McFarland v. State, 989 S.W.2d 749,
751 (Tex. Crim. App. 1999). 
            Russell argues on appeal that the trial court considered the admissibility of this
extraneous-offense evidence during a pretrial hearing. The hearing in question occurred
approximately a month before trial. The main issues raised in the hearing were Russell's motion to
change venue and his competency. At the conclusion of the hearing, the State mentioned that a
device which could potentially be used to pick locks was discovered in Russell's cell. The record
of that hearing indicates that the objection was limited to the evidence concerning the discovery of
this device. This event occurred after Russell had been arrested for robbery and was not introduced
into evidence during the trial. Even if counsel's objection could be interpreted as objecting to any
evidence admitted under 404(b), trial counsel failed to pursue the objection to an adverse ruling. The
trial court did not make any ruling concerning the admissibility of the evidence during the hearing.
            No objection was made to the introduction of the extraneous-offense evidence. Further, the
record does not contain a running objection or a ruling made outside the presence of the jury. See
Tex. R. Evid. 103(a)(1); see also Tex. R. App. P. 33.1(a). In addition, Russell stated he had "no
objection" to exhibits relating to the extraneous offenses. "[W]hen the defendant affirmatively
asserts during trial he has 'no objection' to the admission of the complained of evidence, he waives
any error in the admission of the evidence despite the pre-trial ruling." Moraguez v. State, 701
S.W.2d 902, 904 (Tex. Crim. App. 1986); accord Sands v. State, 64 S.W.3d 488, 491 (Tex.
App.—Texarkana 2001, no pet.). Russell stated he had "no objection" to at least nineteen exhibits
containing evidence of the prior bad acts. Russell's failure to object forfeited any right to challenge
the admission of the extraneous-offense evidence on appeal. Error has not been preserved for
appellate review.



            Even if error had been preserved, the trial court did not abuse its discretion in admitting the
extraneous-offense evidence. The admissibility of evidence is reviewed for an abuse of discretion. 
Moses v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003); Weatherred v. State, 15 S.W.3d 540,
542 (Tex. Crim. App. 2000). An abuse of discretion occurs when the trial court's decision is so
clearly wrong as to lie outside the zone of reasonable disagreement. Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). When the State seeks to introduce evidence
of extraneous offenses, the first question is whether Rule 404(b) permits the admission. See Tex.
R. Evid. 404(b). If the evidence is admissible under 404(b), the second question is whether the
evidence is admissible under Rule 403. See Montgomery, 810 S.W.2d at 377. 
            If extraneous-offense evidence is not relevant apart from supporting an inference of character
conformity, it is inadmissible. Montgomery, 810 S.W.2d at 390. Evidence of other "crimes, wrongs
or acts" may be admissible if it has relevance apart from its tendency to prove the character of a
person in order to show that he or she acted in conformity therewith. Tex. R. Evid. 404(b). A party
may introduce such evidence where it logically serves to make more or less probable an elemental
fact or an evidentiary fact that inferentially leads to an elemental fact. Bishop v. State, 869 S.W.2d
342, 346 (Tex. Crim. App. 1993); Montgomery, 810 S.W.2d at 387–88. Rule 404(b) provides a list
of purposes for which extraneous evidence of prior bad acts may be admissible to prove. Although
evidence of extraneous acts is not admissible to prove the character of the accused, such evidence
may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation,
plan, knowledge, identity, or absence of mistake or accident . . . ." Tex. R. Evid. 404(b). The list
of exceptions is "neither mutually exclusive nor collectively exhaustive." Montgomery, 810 S.W.2d
at 388. Evidence from the same contextual transaction may be admitted under Rule 404(b) where
such evidence is necessary to the jury's understanding of the offense in question. Rogers v. State,
853 S.W.2d 29, 33 (Tex. Crim. App. 1993). 
            A reasonable person could conclude evidence of the extraneous offenses is necessary to
understand the contextual transaction, to prove the identify of the accused, or to provide a motive
for the robbery. The events introduced in trial occurred in the span of a single afternoon and during
the same contextual transaction. Identity was a contested issue at trial. The contemporaneous
evidence proved that Russell had the same gun and car as the person who robbed Luby's. Further,
the additional events provided a motive for the robbery. The State argued at trial that Russell
committed the robbery because he had recently escaped from prison and needed money. At a
minimum, the extraneous evidence is within the zone of reasonable disagreement concerning
whether the evidence was necessary to understand the contextual transaction, the motive, or the
identity of the robber. 
            Even if evidence is admissible under Rule 404(b), it must still be excluded if the danger of
unfair prejudice substantially outweighs its probative value. See Tex. R. Evid. 403. "Rule 403
favors the admission of relevant evidence and carries a presumption that relevant evidence will be
more probative than prejudicial." Hayes v. State, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002). 
When conducting a balancing test under Rule 403, the trial court should consider the following
factors:
(1) how compellingly the extraneous offense evidence serves to make a fact of
consequence more or less probable -- a factor which is related to the strength of the
evidence presented by the proponent to show the defendant in fact committed the
extraneous offense;
 
(2) the potential the other offense evidence has to impress the jury "in some irrational
but nevertheless indelible way;"
 
(3) the time the proponent will need to develop the evidence, during which the jury
will be distracted from consideration of the indicted offense;
 
(4) the force of the proponent's need for this evidence to prove a fact of consequence,
i.e., does the proponent have other probative evidence available to him to help
establish this fact, and is this fact related to an issue in dispute.

Wyatt v. State, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000). The Texas Court of Criminal Appeals has
observed that evidence of extraneous offenses is admissible to show the context in which the
criminal act occurred and that the "jury has a right to hear what occurred immediately prior to and
subsequent to the commission of that act so that it may realistically evaluate the evidence." 
Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). A reasonable person, after
balancing the above factors, could have concluded the probative value of the evidence was not
substantially outweighed by the danger of unfair prejudice. We overrule Russell's first point of error.
2) Error is Not Preserved Concerning the Showup Identification
            Russell, in his second point of error, challenges the admission of Hill's in-court identification
of Russell as the person who committed the robbery. Russell contends the in-court identification
was tainted by a prior suggestive "showup" identification.


 However, the defense did not object to
the in-court identification by Hill. Because error is not preserved and the error, if any, would have
been harmless, we overrule Russell's second point of error.
            Within two hours of the robbery, Violet Hill, a cashier at Luby's, identified Russell, at the
police station, as the robber. Russell was in the process of being removed from a patrol car when
Hill identified him as the person who robbed Luby's. Russell was the only suspect presented to Hill
for identification. Hill identified Russell at trial, without objection, as the person who committed
the robbery. No testimony concerning the prior identification was elicited at this time. After Hill
had been cross-examined and the State had rested, Russell called Hill as a witness. At this point,
Russell inquired into the circumstances surrounding the prior identification. 
            When the police apprehend a suspect shortly after the commission of the crime and present
the suspect for identification by a witness, the resulting confrontation is referred to as a showup. See
Jackson v. State, 682 S.W.2d 692, 694 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd). While the
practice of showing a single suspect to a witness is widely condemned, showups are permissible
under certain circumstances. Stoval v. Denno, 388 U.S. 293, 302 (1967); see Garza v. State, 633
S.W.2d 508, 512 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh'g); Jackson, 682 S.W.2d at 695. 
A defendant seeking to suppress a showup must show under the totality of the circumstances that
the procedure was unnecessarily suggestive and conducive to irreparable misidentification. Hudson
v. State, 675 S.W.2d 507, 510 (Tex. Crim. App. 1984); Payne v. State, 838 S.W.2d 668, 670 (Tex.
App.—Dallas 1992, no pet.); Markham v. State, 644 S.W.2d 53, 57–58 (Tex. App.—San Antonio
1982, no pet.). 
            To preserve his complaint for appellate review, Russell must have presented to the trial court
a timely request, objection, or motion that stated the specific grounds for the desired ruling, if not
apparent from the context. Tex. R. App. P. 33.1(a); Dean, 995 S.W.2d at 850. Further, the appellant
must have pursued his or her objection to an adverse ruling. Tucker, 990 S.W.2d at 262; McFarland,
989 S.W.2d at 751. Russell made no objection to the in-court identification by Hill. While Russell
did raise the issue later in trial, the in-court identification was already before the jury. Russell moved
to the court to instruct the jury "regarding the [showup] results and the identification appropriate to
the law" only after Hill had been cross-examined and seven other witnesses had testified. "[T]he
failure to object in a timely and specific manner during trial forfeits complaints about the
admissibility of evidence." Saldano v. State, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002). Russell's
objection is clearly not timely. Russell has failed to preserve error concerning Hill's in-court
identification. 
            Even if Russell had preserved error for appellate review and the admission of the evidence
had been erroneous, any error would have been harmless. The standard of review for harm analysis
when evidence is improperly admitted is that for nonconstitutional errors under Texas Rule of
Appellate Procedure 44.2(b). Tex. R. App. P. 44.2(b); James v. State, 102 S.W.3d 162, 179 (Tex.
App.—Fort Worth 2003, pet. ref'd). Under the Texas Rules of Appellate Procedure for
nonconstitutional errors, we are to disregard errors, defects, irregularities, or variances that do not
affect the substantial rights of the accused. Tex. R. App. P. 44.2(b). A "substantial right" is affected
when the error had a substantial and injurious effect or influence in determining the jury's verdict. 
Tex. R. App. P. 44.2(b); Johnson v. State, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001) (citing Kotteakos
v. United States, 328 U.S. 750 (1946)); King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). 
If, on the record as a whole, it appears the error "did not influence the jury, or had but a slight effect,"
we must consider the error harmless and allow the conviction to stand. Johnson v. State, 967 S.W.2d
410, 417 (Tex. Crim. App. 1998). In so doing, we must assess harm, but there is no burden either
on an appellant or the State to demonstrate that harm. Schutz v. State, 63 S.W.3d 442, 444 (Tex.
Crim. App. 2001); Johnson, 43 S.W.3d at 4. The parties may suggest how such harm is shown, but
no allocated burdens of proof exist. Schutz, 63 S.W.3d at 444.
            Any error would not have had a substantial or injurious effect or influence in determining the
jury's verdict. The State introduced a considerable amount of evidence to prove that Russell
committed the robbery in question. In addition to Hill's in-court identification, Paulette Wilson, a
Luby's customer, identified Russell as the person who robbed Luby's. Russell's fingerprints were
found in Reeves' car, which matched the description of a vehicle leaving the scene. When arrested,
Russell had possession of $2,473.01 in a bag, which matched the description of the bag used by the
robber. Even if the admission of the evidence was error, we conclude the error did not influence the
jury, or had but a slight effect. We overrule Russell's second point of error.
Conclusion
            Russell failed to preserve error concerning the admission of the extraneous-offense evidence
or Hill's identification of Russell as the person who committed the robbery. Even if error had been
preserved, the trial court did not err in admitting the evidence concerning the escape, the aggravated
assaults, or the unauthorized use of two vehicles, which he committed earlier the same afternoon. 
Further, the error, if any, in admitting the identification by Hill was harmless. 
            We affirm the judgment of the trial court.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          May 2, 2005
Date Decided:             May 13, 2005

Do Not Publish