Opinion issued August 31, 2006
















In The
Court of Appeals
For The
First District of Texas




NOS. 01-05-00029-CR
          01-05-00030-CR




LENESS JAMES WILLIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause Nos. 993050 & 994809




MEMORANDUM OPINION
          A jury found appellant, Leness James Willis, guilty of two offenses of
aggravated robbery in cause numbers 993050 and 994809 and assessed his
punishment at confinement in prison for 25 years. In his sole issue, appellant
contends that he received ineffective assistance of counsel because his trial counsel
failed to challenge pretrial and in-court identifications by witnesses who participated
in a “tainted” pretrial show-up procedure. We affirm the judgment of the trial court.
Background
          On July 2, 2004, a man entered a Randall’s supermarket and threatened a
cashier with a gun. The man then proceeded to the Wells Fargo Bank branch located
inside the store, threatened the tellers with a gun, and demanded money. Each of the
tellers placed the money on the counter, and one teller, Chris Rennie, collected the
money and placed it in a plastic Fourth of July hat sitting on the counter. One of
Rennie’s co-workers placed two tracking devices in with the cash that enabled the
authorities to follow the location of the money. 
          Rennie testified that, at the time of the robbery, the suspect was wearing
sunglasses, a multicolored knit hat, a black sweat shirt, baggy jeans, and black shoes. 
There was no evidence that the witnesses were able to supply any specific
information to the police regarding the suspect’s height, weight, age, or other
identifying features. The suspect left the store without being apprehended. Police
picked up the signal from the tracking device placed in the money and, based upon
the speed at which the signal was moving, determined that the money was being
carried by someone on foot. The police saw appellant walking down the street
carrying two bags and gave chase. After tackling and arresting appellant, a police
officer found the stolen money and the tracking devices inside the bags. 
          When appellant was arrested, he was wearing a white t-shirt and blue shorts. 
Although appellant was in possession of the stolen money, it was not in the hat that
the tellers provided, and appellant was not carrying a gun. After appellant’s arrest,
the police took him back to the scene, where he was positively identified by Rennie
and his two co-workers. 
          Appellant testified during the guilt phase of trial. He denied committing the
robbery and explained that he found the money near a tree while he was walking
down the street. He also testified that, after his arrest, the police brought him back
to the bank to be identified by the witnesses to the robbery. He alleged that police
suggested to the witnesses that he was the man found with the stolen money and that
the police left him in a hot car to give the witnesses the impression that he had been
running. 
 Ineffective Assistance of Counsel
          In his sole issue, appellant contends that his trial counsel rendered ineffective
assistance because he failed to challenge his pretrial and in-court identifications by
witnesses who had participated in a “tainted” pretrial show-up procedure. He argues
that where the sole disputed issue at trial was the identity of the perpetrator, his
defense counsel’s failure to challenge the admissibility of this important evidence was
clearly prejudicial to his case.
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052
(1984). Appellant must show that (1) counsel’s performance was so deficient that he
was not functioning as acceptable counsel under the Sixth Amendment and (2) but 
for counsel’s error, the result of the proceedings would have been different. Id. at
687-88, 104 S. Ct. at 2064, see also Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.).
          Effective assistance of counsel does not mean errorless counsel. See Saylor v.
State, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). In determining whether counsel
was ineffective, we consider the totality of the circumstances of the particular case. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). It is the appellant’s
burden to prove ineffective assistance of counsel. Strickland, 466 U.S. at 687, 104
S. Ct. at 2064. There is a strong presumption that counsel’s performance fell within
the wide range of reasonable professional assistance. Id. 466 U.S. at 689, 104 S. Ct.
at 2065. To prevail on an ineffective assistance of counsel claim, the appellant must
overcome the presumption that, under the circumstances, the challenged action might
be considered sound trial strategy. Id. Assertions of ineffective assistance of counsel
must be firmly founded in the record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim.
App. 2002). In the absence of a record reference concerning counsel’s reasoning, we
must generally presume that appellant’s trial counsel had a plausible reason for his
actions. Thompson, 9 S.W.3d at 814.
          Appellant contends that his trial counsel was ineffective because he failed to
challenge the presentation of identification witnesses at trial who had participated in
a tainted pretrial identification procedure. He contends that the identification
procedure was so suggestive and conducive to mistaken identification as to deny him
due process of law when the identification was used at trial. 
          The test for determining whether a one-on-one identification violated an
accused’s due process rights is whether the presentation of the accused was
unnecessarily suggestive and subject to irreparable misidentification. Neil v. Biggers,
409 U.S. 188, 198-99, 93 S. Ct. 375, 381-82 (1972). A claimed violation of due
process of law in the conduct of a confrontation depends on the totality of the
circumstances surrounding it. Stovall v. Denno, 388 U.S. 293, 302, 87 S. Ct. 1967,
1972 (1967); Garza v. State, 633 S.W.2d 508, 512 (Tex. Crim. App. 1982); Jackson
v. State, 682 S.W.2d 692, 695 (Tex. App.—Houston [1st Dist.] 1984, pet ref’d). 
Although a one-on-one confrontation does not necessarily violate due process,
showing a single person for purposes of identification is inherently suggestive. 
Stovall, 388 U.S. at 302, 87 S. Ct. at 1972. Such a procedure may be appropriate,
however, when the confrontation occurs at the scene of the crime shortly after the
offense while the witnesses’ memories are still fresh. Garza 633 S.W.2d at 512.
           In determining whether the identification was subject to irreparable
misidentification, appellate courts look to five factors: (1) the witness’s opportunity
to view the criminal at the time of the crime; (2) the witness’s degree of attention; (3)
the accuracy of the witness’s prior description of the criminal; (4) the level of
certainty demonstrated by the witness at the confrontation; (5) the length of time
between the crime and confrontation. Manson v. Brathwaite, 432 U.S. 98, 114, 97
S. Ct. 2243, 2253 (1977). 
          Here, appellant was brought back to the scene less than one hour after the
aggravated robbery. Each witness positively identified appellant as the assailant. 
There was no uncertainty demonstrated in any of the witnesses’ identifications and
one of the police officers who assisted in the search of appellant testified that he did
not suggest that appellant was involved in the robbery. See Hudson v. State, 675
S.W.2d 507, 510 (Tex. Crim. App. 1984) (on-the-scene identification was not
impermissibly suggestive where defendant matched description given by
complainant, was found in the immediate vicinity of the offense, and confrontation
occurred shortly after offense); Louis v. State, 825 S.W.2d 752, 756 (Tex.
App.—Houston [14th Dist.] 1992, pet. ref’d) (on scene identification was not
impermissibly suggestive where confrontation occurred one hour after offense and
complainant immediately identified defendant).
          Appellant also claims that the pre-trial identifications “could have been
performed in a more neutral environment.” Appellant contends that the
identifications were impermissibly suggestive because he was handcuffed and in front
of police cars when the witnesses identified him. Similar situations have been held
to be not impermissibly suggestive. See Hudson, 675 S.W.2d at 510; Doty v. State,
820 S.W.2d 918, 922 (Tex. App.—Fort Worth 1991, pet. ref’d) (identification not
impermissibly suggestive where, shortly after theft, witness was taken to scene of
arrest and asked to identify suspect while seated in police car and after being removed
from police car); Markham v. State, 644 S.W.2d 53, 58 (Tex. App.—San Antonio
1982, no pet.) (identification not unnecessarily suggestive where, 10 minutes after
theft, suspect was driven to scene of crime in a police car and identified by a witness
in presence of police officers).
          In this case, there is no evidence in the record showing counsel’s reasons for
not challenging the presentation of identification witnesses at trial. While appellant
did file a motion for new trial, there is nothing in the record to indicate whether the
trial court held a hearing or ruled on the motion. In the absence of a record, we will
not speculate on counsel’s reasoning. See Gamble, 916 S.W.2d at 93. Accordingly,
we hold that appellant has not overcome his burden of showing that his trial counsel’s
performance fell below the standards of professional norms. Id.
          Accordingly, we overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court.

                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.4.