*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


## OPINION

No. 04-07-00072-CR

Murray **HAMMER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Wilson County, Texas
Trial Court No. 06-03-00078-CRW
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Karen Angelini, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  January 27, 2010

REVERSED AND REMANDED

This appeal is on remand from the Texas Court of Criminal Appeals.  Hammer was

convicted by a jury of two counts of indecency with a child.  After thoroughly considering the

issue on remand, we conclude the trial court committed harmful error in excluding some of the

evidence Hammer offered to demonstrate the complainant's motive to falsely accuse him of

molestation.  Accordingly, we reverse the trial court's judgment and remand the case for a new

trial.

## FACTUAL BACKGROUND

The facts giving rise to this appeal are well-detailed in the prior opinions. *See Hammer*, 256 S.W.3d 391, 392 (Tex. App.—San Antonio 2008), *rev'd*, 296 S.W.3d 555, 558-561 (Tex. Crim. App. 2009). To briefly summarize, fifteen year old P.H. went to live with her father, Appellant Murray Hammer, during the summer of 2005. P.H. woke up one night to find that her pants and underwear were gone. Hammer was standing over her. P.H. got up, put her pants back on, and then went to sleep in another bed. P.H. said that she woke up a second time to find Hammer in the bed, "kind of spooning me and he had his hands on my crotch." She got up and moved back to the couch. The next morning, P.H. "told him that I know what happened and he told me that he didn't remember and that he was drunk and he told me he was really sorry." She did not tell anyone about the molestation because she knew that Hammer had been drinking. P.H. said that, about two weeks later, she was sleeping in her grandmother's bed with her clothes on. She woke up to find Hammer behind her with his hands down the front of her pants, rubbing her vagina. When he saw that P.H. was awake, he jumped up and left the room.

During trial, Hammer's counsel attempted to introduce evidence that P.H. had previously falsely accused other persons of unwanted sexual contact. Relying on Texas Rule of Evidence 608(b), the trial court determined the prejudicial effect of the evidence outweighed its probative value and excluded the evidence. Hammer's counsel made a bill of exception with regard to the following evidence excluded by the trial court:

    (1)    journals in the possession of child protective services allegedly containing numerous rape allegations;

    (2)    testimony by Shonna Makuta that P.H. accused a third party of rape to cover up her sexual encounters with a boyfriend;

    (3)    testimony by Shonna Makuta that P.H. accused other persons of molesting her;

    (4)    testimony by Patricia Mossmeyer that P.H. asserted "every one of her mother's boyfriends molested her;"

(5)    testimony by Patricia Mossmeyer that P.H. and Mossmeyer's granddaughter were held by five men, with knives to their throats and that they were raped; and

(6)    allegations that P.H. lied about skipping school.

## PROCEDURAL BACKGROUND

Hammer argued the trial court erred in refusing to allow him to cross-examine the complainant regarding false allegations she made against other individuals. On appeal, this court affirmed the trial court's ruling. *Hammer*, 256 S.W.3d at 396, *rev'd,* 296 S.W.3d 555. Hammer filed a petition for discretionary review asserting the trial court erred in excluding evidence that P.H. had previously made a false accusation of "rape." The Court of Criminal Appeals agreed and stated:

> In sum, we hold that the trial judge abused her discretion in preventing appellant from cross-examining P.H. about the hospital incident, her allegations that "all of her mother's boyfriends had sexually molested her," the incident about being held at knife point by five men, and her statements to Shonna concerning the purported sexual assault by Ignacio Talamendez to demonstrate her bias against appellant and her possible motive to testify falsely against him.

*Hammer*, 296 S.W.3d at 570.[1] The Court reversed our judgment and remanded the case to this court for a harm analysis.

## HARM ANALYSIS

Because the court erred in preventing appellant from cross-examining P.H., we must determine whether the error was harmless. *See Hammer*, 296 S.W.3d at 570; TEX. R. APP. P. 44.2(b). Here the erroneous admission constituted a non-constitutional error. *See Hammer*, 296 S.W.3d at 570 (instructing a review "to address this issue under Rule 44.2(b)"). Thus, under Rule 44.2(b), we disregard the error if no substantial right has been affected. *Id*. "A substantial

---

[1] However, the Court of Criminal Appeals affirmed our previous holding that the contents of P.H.'s journal as well as the evidence that P.H. was found "lying on the ground with her boyfriend" were properly prohibited from being introduced. *See Hammer*, 296 S.W.3d at 569.

right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).

As stated above, Hammer was entitled to cross-examine P.H. about the false reports she previously made about various sexual encounters in order to show P.H.'s "bias against [Hammer] and to show her purported motive in falsely accusing him." *See Hammer,* 296 S.W.3d at 567. The trial court impeded the jury's duty to weigh P.H.'s credibility by preventing Hammer from both cross-examining P.H. and from admitting evidence which would have shown "P.H.'s animus toward [Hammer] and her desire to get out of his house." *Id*. at 569. The disallowed evidence "demonstrates that P.H. was not above changing her story of a consensual sexual encounter with her boyfriend into a nonconsensual one with someone else to prevent her father from learning the truth and presumably punishing her for running away and having sex with [her boyfriend]." *Id*. at 566.

These errors by the trial court had an injurious effect on the jury's verdict because this is a case involving "he said, she said" that "must be resolved solely on the basis of the testimony of [P.H.] and [Hammer]." *Id*. at 568. Because Hammer was not permitted to cross-examine P.H. regarding her previous false accusations, he was unable to present any evidence of P.H.'s purported motive to fabricate allegations of sexual molestation. We conclude that the inability to fully present his defense affected a substantial right and was, therefore, harmful error. *See* TEX. R. APP. P. 44.2(b).

## CONCLUSION

Thus, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

Rebecca Simmons, Justice

PUBLISH