*377 BAILEY C. MOSELEY, Justice,
dissenting.
I respectfully dissent.
I concur with the majority’s conclusion that the trial court erred in its preclusion of Tacka Gotcher’s testimony that she had observed Janie Lynn Ragsdale, the complainant, performing fellatio on the defendant only two days before the incident giving rise to the charges against Gotcher. The issue of consent was clearly before the trial court at that time. My dissent deals, rather, with the result of the harm analysis employed. I believe that Gotcher’s substantial rights were adversely impacted, and I also believe that the absence of this testimony had a great impact on the decision handed down by the jury. It is true that Gotcher was not prohibited from presenting his defensive theory that his sexual conjunction with Ragsdale on Tuesday night was mutually consensual. However, the jury quite likely found his testimony pertaining to the events two days before the incident giving rise to charges (i.e., Ragsdale showing Gotcher pictures from her telephone of her nude body, disrobing, and performing oral sex on him) to have been solely self-serving. Even though the jury was able to hear testimony from Tac-ka that Ragsdale had been acting very suggestively toward Gotcher and had even accompanied him alone into the bedroom of the apartment, the defining feature of the conduct (the fellation of Gotcher by Ragsdale) screamed of consensual sexual activity between these parties only two days before the incident of which Ragsdale complains. The testimony of Tacka removed the relation of the culminating event on Sunday from the category of the “he said/she said” kind of story about the entire relationship between these two people.
In discussions of the issues in this case, the majority has placed Tacka’s excluded testimony regarding oral sex in the same category as the other events leading up to that sexual act that Gotcher said occurred on Sunday. In essence, the majority indicates that if the jury had believed Tacka about what they heard of her version of the events on Sunday, they would not have convicted Gotcher of the event on Tuesday. I believe that conclusion diminishes the importance of the story of fellatio, an act I think would have had much greater significance and credibility when its story was related by both Gotcher and an independent person, Tacka.[14]
The probative nature of this testimony further amplifies the harm to Gotcher’s substantial rights. As discussed above, Tacka’s excluded testimony was quite probative because it was relevant to the issue of Ragsdale’s consent to engage in sexual intercourse Tuesday night; it also went to Gotcher’s intent, a fact of consequence. Gotcher had need of this testimony because, had Tacka been allowed to fully testify, she would have corroborated Gotcher’s version of what happened Sunday. Though it is likely that Gotcher still may have needed to testify to unequivocally present his position that Tuesday’s congress was consensual, if Tacka had testified, Gotcher could have refrained from taking the stand, and thus not allowed the jury to be privy to his relatively sordid criminal history.
Gotcher was prevented from fully presenting his defense. In Billodeau v. *378 State,[15] the defendant was not allowed to question the complainant about threats the complainant made to accuse witnesses of “molesting” him. Billodeau, 211 S.W.3d at 38. Even though Billodeau’s testimony contradicted the complainant,[16] he was not able to “fully present his defense” when he was not allowed to cross-examine the complainant about false threats the complainant had made to other parties (this to show the complainant’s motive to testify untruthfully). Id. The defendant also was not allowed to present the complainant’s denials of these threats, which then would have allowed the defense to present rebuttal testimony about the false threats. The Texas Court of Criminal Appeals found this erroneous limitation affected a substantial right and was harmful error. Id.
In Hammer v. State[17] the defense was not allowed to cross-examine the complainant regarding claims that she had previously made false accusations against other persons to cover up the complainant’s own sexual encounters with a boyfriend; and that she had accused multiple other persons of molesting her. This inability to fully present his defense affected Hammer’s substantial rights and was harmful error. Hammer, 311 S.W.3d at 22.
I would hold that the trial court’s limitation of Gotcher’s ability to fully present his defense affected a substantial right, was harmful error, and warrants reversal. I respectfully dissent.

. It should be noted that if Tacka had been allowed to testify, Gotcher’s lawyer could have argued on closing that if Gotcher were to lie about the Sunday incident, he could have just as easily claimed that he and Rags-dale had gone the entire distance that Sunday afternoon and had fully engaged in sexual intercourse. The fact that he testified that the two stopped at the oral sex stage and there was independent evidence to corroborate that testimony strongly suggested its veracity.

. 277 S.W.3d 34 (Tex.Crim.App.2009).

. The opinion is not explicit: it says Billo-deau contradicted the complainant, denying taking him to the motel where the alleged offense occurred. The appellant's testimony also contradicted other aspects of the complainant's testimony; from the context of the opinion it appears Billodeau denied the ultimate accusation. Billodeau, 277 S.W.3d at 37-38.

.311 S.W.3d 20 (Tex.App.-San Antonio 2010, no pet.).