

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00245-CR

David Nicholas **GALLEGOS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR10033
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
    Marialyn Barnard, Justice
    Patricia O. Alvarez, Justice

Delivered and Filed:  June 3, 2015

AFFIRMED

Appellant David Gallegos was charged with unlawful possession of a firearm by a felon. The jury returned a verdict of guilty and assessed punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice.  Gallegos raises three issues on appeal: (1) the evidence is legally insufficient to support the conviction, (2) the trial court erred in admitting the firearm without proper authentication, and (3) the trial court erred in failing to provide Gallegos with new trial counsel.  We affirm the trial court's judgment.

## FACTUAL BACKGROUND

On September 8, 2013, Jose Guevara was working as the manager at the Office Depot when Gallegos ran into the store. Guevara explained that Gallegos stood out because he was not wearing a shirt. Because Gallegos was bothering other customers, Guevara asked him to leave; Gallegos refused and told Guevara that "people were chasing him."

An employee called the police and San Antonio Police Officer Paul Gonzaba was dispatched to the Office Depot. Upon his arrival, Officer Gonzaba escorted Gallegos out of the store and spoke to Gallegos who repeated the same story about people chasing him. Officer Gonzaba requested that the dispatch officer run a criminal background check, and after determining Gallegos was wanted for a parole violation and outstanding warrants, Gallegos was arrested.

While conducting a search incident to arrest, Officer Gonzaba located a firearm in the bag being carried by Gallegos. Gallegos was subsequently charged with unlawful possession of a firearm by a felon. The jury returned a guilty verdict and assessed punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice and this appeal ensued.

We turn first to Gallegos's claim that the evidence is insufficient to support the jury's verdict.

## SUFFICIENCY OF THE EVIDENCE

### A. Arguments of the Parties

Gallegos contends the State was required to prove that Gallegos knew there was a firearm in the blue bag he was holding. He argues there is no evidence, either testimony or otherwise, that the firearm belonged to Gallegos. Accordingly, the State failed to prove he knowingly possessed the firearm.

The State argues that Gallegos entered the Office Depot with a blue bag. The firearm in question was in the blue bag. The jury made a rational inference—given the amount of time that Gallegos was in the store and the discovery of the firearm—that Gallegos intentionally or knowingly possessed the firearm.

**B.      Standard of Review**

In reviewing the legal sufficiency of the evidence, an appellate court determines whether, viewing "all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Hardy v. State*, 281 S.W.3d 414, 421 (Tex. Crim. App. 2009); *accord Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We defer to the jury's assessment of the credibility of the witnesses "and the weight to be given their testimony," *Brooks*, 323 S.W.3d at 899, and allow for reasonable inferences from the evidence presented. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 2013) (stating that "[t]he jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony" except where provided otherwise by law); *Jackson*, 443 U.S. at 319 (reiterating it is strictly the province of the jury "fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts"). In so doing, an appellate court presumes that the jury "resolved the conflicts in favor of the prosecution and therefore defer to that determination." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 326).

The key question is whether "the evidence presented actually supports a conclusion that the defendant committed the crime that was charged." *Williams*, 235 S.W.3d at 750. Only upon a finding the evidence is legally insufficient will this court reverse the trial court's judgment and order an acquittal. *See Tibbs v. Florida*, 457 U.S. 31, 41 (1982). This legal sufficiency standard

applies equally to both direct and circumstantial evidence. *Clayton*, 235 S.W.3d at 778; *King v. State*, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000).

**C.      Sufficiency of the Evidence**

To obtain a conviction for unlawful possession of a firearm, the State had to prove beyond a reasonable doubt that Gallegos was previously convicted of a felony offense and possessed a firearm after the conviction and before the fifth anniversary of his release from confinement or from supervision under community supervision, parole, or mandatory supervision, whichever date is later. *See* TEX. PENAL CODE ANN. § 46.04(a) (West 2011); *see also James v. State*, 264 S.W.3d 215, 218–19 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). Gallegos does not dispute his prior felony conviction; instead, he challenges only the evidence that he knowingly possessed a firearm. *See Jackson v. State*, No. 14-08-00608-CR, 2009 WL 3365880, at *2 (Tex. App.—Houston [14th Dist.] Sept. 10, 2009, no pet.) (mem. op.) (not designated for publication).

"Possession means actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2014). When the firearm is neither on a defendant's person nor in a defendant's exclusive care, custody, control, or management, the State must offer additional, independent facts and circumstances that link a defendant to the firearm. *See Bates v. State*, 155 S.W.3d 212, 216–17 (Tex. App.—Dallas 2004, no pet.). We need not look to the specific links, but instead the "logical force of the combined pieces of circumstantial evidence" that support a jury's verdict. *See Evans v. State*, 202 S.W.3d 158, 166 (Tex. Crim. App. 2006); *Roberson v. State*, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

**D.      Analysis**

Gallegos's argument is based on the State's failure to show that he exercised actual care, custody, control, or management of the firearm. Gallegos asserts that because the State failed to show that he *knew* there was a firearm in the blue bag, the evidence is insufficient.

- 4 -

The record, however, contains several links between Gallegos and the firearm. Jose Guevara testified that Gallegos came into the store without a shirt, but could not remember whether he was carrying a bag. Officer Gonzaba testified that immediately upon entering the store, he noticed a nervous and excited Gallegos holding his shirt and carrying a blue and black bag. Gallegos told Officer Gonzaba that his "mom dropped him off, people were chasing him, [and] he knew things." Officer Gonzaba escorted Gallegos outside of the store and asked him for identification. After running a "wants and warrants" search, Officer Gonzaba determined Gallegos was wanted on a parole violation and for three Municipal Court warrants. Gallegos was placed under arrest for the warrants and Officer Gonzaba conducted a search incident to arrest.

During the search, Officer Gonzaba located a firearm in the blue bag that was in Gallegos's possession. At no point during their conversation, or at any other time during the arrest, did Gallegos claim the bag belonged to another individual. Moreover, the record does not suggest that Gallegos was surprised by Officer Gonzaba's discovery. Accordingly, we conclude the record contains sufficient evidence to support the jury's determination that Gallegos had care, control, and custody over the firearm in question. *See Williams v. State*, 235 S.W.3d at 750 (allowing for reasonable inferences); *Evans*, 202 S.W.3d at 166 (looking at "logical force" of evidence); *Roberson*, 80 S.W.3d at 735 (same). Gallegos's sufficiency of the evidence issue is overruled.

In his next issue on appeal, Gallegos contends that because the State failed to properly authenticate the firearm offered at trial, the trial court erred in admitting the firearm into evidence.

### ADMISSION OF STATE'S EXHIBIT #3—THE FIREARM

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." TEX. R. EVID. 901(a). Gallegos contends the trial court erred in admitting the firearm because it was not properly authenticated under Texas Rule of Evidence 901. *See id.* More

specifically, Gallegos argues the State's proffer does not point to any distinctive appearance or pattern that would have differentiated this firearm from any other firearm in evidence. As such, no reasonable juror could have found the evidence was authenticated.

## A. Standard of Review

An appellate court reviews a trial court's preliminary determination of authenticity of evidence under an abuse of discretion standard. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012); *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court does not abuse its discretion unless its decision is outside the zone of reasonable disagreement. *Tienda*, 358 S.W.3d at 638 (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)); *Campbell v. State*, 382 S.W.3d 545, 552 (Tex. App.—Austin 2012, no pet.) (stating jury entitled to weigh the credibility of witnesses as long as proffered evidence is at least within the zone of reasonable disagreement). There is no abuse of discretion if the trial court "reasonably believes that a reasonable juror could find that the evidence has been authenticated or identified." *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007); *Kelley v. State*, 22 S.W.3d 642, 644 (Tex. App.—Waco 2000, pet. ref'd) (concluding admissibility is within the discretion of the court when the evidence serves "the proper purpose in enlightenment of the jury").

## B. Authentication

Texas Rule of Evidence 104(a) dictates that whether to admit evidence at trial is a preliminary question to be decided by the court. TEX. R. EVID. 104(a); *Tienda*, 358 S.W.3d at 637–38. A proponent of evidence is not required to "rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." *Campbell*, 382 S.W.3d at 549. "The preliminary question for the trial court to decide is simply whether the proponent of the evidence has supplied facts that are sufficient to support a reasonable jury determination that the evidence he has proffered is authentic." *Tienda*, 358 S.W.3d at 638; *see*

*also Manuel v. State*, 357 S.W.3d 66, 74 (Tex. App.—Tyler 2011, pet. ref'd) (stating "proponent must only produce sufficient evidence that a reasonable fact finder could properly find genuineness").

The issue of authentication arises when the relevancy of evidence is conditioned on its identity. *See Campbell*, 382 S.W.3d at 548–49. Authentication is generally accomplished by direct testimony from a witness with personal knowledge, or by circumstantial evidence. *See* Tex. R. Evid. 901; *Manuel*, 357 S.W.3d at 74 (stating the proponent need only provide sufficient evidence to allow the jury to draw a proper conclusion of genuineness, not disprove all inconsistencies of authenticity to gain admittance). The authentication requirement for admissibility is met once the State has shown the beginning and the end of the chain of custody. *Martinez v. State*, 186 S.W.3d 59, 62 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). Absent proof of tampering, most problems with the chain of custody do not affect the admissibility of evidence, but rather go to the weight of the evidence. *Lagrone v. State*, 942 S.W.2d 602, 617 (Tex. Crim. App. 1997); *Medellin v. State*, 617 S.W.2d 229, 232 (Tex. Crim. App. 1981).

Here, the State offered the firearm, State's exhibit #3, through Officer Gonzaba. The officer testified the envelope he was handed contained the firearm he found inside the blue bag Gallegos was holding, and the officer subsequently logged both the blue bag and the firearm into the evidence room. The State therefore satisfied the beginning of the chain of custody, but offered no evidence linking the firearm offered at trial to the firearm logged into the evidence room. *See* Tex. R. Evid. 901; *Martinez v. State*, 186 S.W.3d at 62. Although this problem with the chain of custody likely only went to the weight of the evidence, *Lagrone*, 942 S.W.2d at 617, even if we assume, for purposes of this opinion, that the problem affected its admissibility, Gallegos must show the admission of the firearm resulted in harm in order to constitute reversible error. We, therefore, look to whether the admission of the firearm resulted in harm.

**C.     Harm Analysis**

Improperly admitted evidence is subject to a non-constitutional error analysis. *Walters v. State*, 247 S.W.3d 204, 218–19 (Tex. Crim. App. 2007). Rule 44.2(b) provides that a non-constitutional error is only reversible if a substantial right is affected. Tex. R. App. P. 44.2(b). A defendant's "substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App.1997); *see also Potier v. State*, 68 S.W.3d 657, 663 (Tex. Crim. App. 2002) ("Erroneous evidentiary rulings rarely rise to the level of denying the fundamental constitutional rights to present a meaningful defense."); *Hammer v. State*, 311 S.W.3d 20, 22 (Tex. App.—San Antonio 2010, no pet.).

In the present case, the actual firearm in question was not a necessary piece of evidence before the jury. The question before the jury was whether Gallegos was a convicted felon and whether he was in possession of a firearm, not whether he was in possession of the specific firearm admitted into evidence. Officer Gonzaba testified that he was dispatched to the Office Depot where he met Gallegos. During his encounter, he discovered Gallegos had several outstanding warrants. Gallegos was arrested for the outstanding warrants and during a search incident to the arrest, Officer Gonzaba determined that the bag in Gallegos's possession contained a firearm.

It is within the exclusive purview of the jury to determine the credibility of the witnesses and the weight to be given their testimony. *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). Whether the firearm presented to the jury was the firearm at the scene that day is not an element of the offense. The jury clearly believed that Officer Gonzaba found a firearm in Gallegos's possession. Accordingly, even assuming there was error in admitting the firearm, it was harmless. *See id*. Gallegos's evidentiary issue is overruled.

In his final issue on appeal, Gallegos contends the trial court erred in failing to appoint different counsel when Gallegos clearly established that he was dissatisfied with his counsel.

### RIGHT TO COUNSEL

#### A.     Arguments of the Parties

Gallegos contends that he informed the trial court on the eve of jury selection that his counsel was recommending the case go in a direction in which Gallegos did not want to proceed. He insists the court's refusal to even entertain the possibility of appointing different counsel denied Gallegos his Sixth Amendment right to counsel. U.S. CONST. amend. VI.

The State contends that the record supports that Gallegos was not happy with his counsel's suggestion that he accept the State's plea offer of three years' confinement. The State argues that disagreement over whether a client should accept the State's offer does not necessitate the appointment of new counsel.

#### B.     Standard of Review

A trial court's unreasonable or arbitrary interference with a defendant's right to choose counsel amounts to a violation of the defendant's Sixth Amendment rights. *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003). As long as the trial court's ruling falls within the "zone of reasonable disagreement," the trial court does not abuse its discretion and we will uphold the ruling. *Id*. at 839; *Hobbs v. State*, 359 S.W.3d 919, 926 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Johnson v. State*, 352 S.W.3d 224, 227 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). In determining whether the trial court abused its discretion, "we may only consider the information presented to the trial court at the time of its decision." *Johnson*, 352 S.W.3d at 227–28; *accord Stephenson v. State*, 255 S.W.3d 652, 655 (Tex. App.—Fort Worth 2008, pet. ref'd) (mem. op.).

**C.      Sixth Amendment Right to Counsel**

A defendant's right to choice of counsel is not absolute. *Gonzalez*, 117 S.W.3d at 837. "[W]hile there is a strong presumption in favor of a defendant's right to retain counsel of choice, this presumption may be overridden by other important considerations relating to the integrity of the judicial process and the fair and orderly administration of justice." *Id.*  Among other things, "a trial court [has] wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar." *United States v. Gonzalez–Lopez*, 548 U.S. 141, 151–52 (2006) (citation omitted); *accord Martinez v. State*, No. 01–12–00892–CR, 2014 WL 1912544, at *4 (Tex. App.—Houston [1st Dist.] May 13, 2014, no pet.) (mem. op., not designated for publication).  Yet, in conducting our analysis, we remain mindful of the Court of Criminal Appeals' admonishment that "courts must exercise caution in disqualifying defense attorneys, especially if less serious means would adequately protect the government's interests." *Gonzalez*, 117 S.W.3d at 837.

Additionally, a defendant's right to "select his own counsel cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice." *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976); *see also Gonzalez-Lopez*, 548 U.S. at 152.  A defendant may not "wait until the day of trial to demand different counsel or to request that counsel be dismissed so that he . . . may retain other counsel." *Gilmore v. State*, 323 S.W.3d 250, 264 (Tex. App.—Texarkana 2010, pet. ref'd); *see also Birdwell v. State*, 10 S.W.3d 74, 77 n.2 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (citing *Robles v. State*, 577 S.W.2d 699, 704 (Tex. Crim. App. 1979)).

**D.      Analysis**

Here, Gallegos waited until the eve of jury selection to request a continuance in order to obtain a new attorney.  His appointed counsel was present and fully prepared for trial.  Gallegos

does not allege his appointed counsel rendered ineffective assistance, and he offers no reason why the trial court should have delayed his trial and determined whether new counsel was necessary. Additionally, prior to jury selection, counsel put on the record her recommendation that Gallegos accept the State's plea offer.

Gallegos refused the offer and counsel proceeded to trial. Effective assistance of counsel obligates counsel to convey any plea offer in a manner that enables his client to make an informed decision. *Ex parte Wilson*, 724 S.W.2d 72, 74 (Tex. Crim. App. 1987); *accord Checksfield v. State*, No. 02-13-00042-CR, 2013 WL 6046132, at *2 (Tex. App.—Fort Worth Nov. 14, 2013, pet. ref'd) (mem. op., not designated for publication). However, the authority to accept or reject a plea offer ultimately resides with the accused, even if counsel does not like the decision. *See Ex parte Wilson*, 724 S.W.2d at 74; *Checksfield*, 2013 WL 6046132, at *2. Gallegos did not accept the offer and his rejection was relayed to the State; Gallegos received the jury trial that he requested.

Accordingly, we conclude the trial court did not violate Gallegos's constitutional right to counsel by refusing his untimely request for a continuance for the purpose of appointing new counsel.

## CONCLUSION

The record, including the circumstantial evidence, contains sufficient evidence to support the jury's determination that Gallegos had care, control, and custody over the firearm in question. Additionally, even if we assume that the State failure to complete the chain of custody affected the admissibility of State's Exhibit #3, the firearm, the trial court's error in admitting the firearm was harmless. Finally, the trial court's refusal to appoint new counsel on the eve of jury selection did not violate Gallegos's Sixth Amendment rights.

Having overruled all of Gallegos's issues, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

DO NOT PUBLISH